**Frank H. FILICE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16479.**

United States Court of Appeals
Ninth Circuit.

Nov. 9, 1959.

Rehearing Denied Nov. 30, 1959.

Frank H. Filice, San Jose, Cal., in pro. per.

Lynn J. Gillard, U. S. Atty., Frederick J. Woelflen, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MAGRUDER, BARNES and JERTBERG, Circuit Judges.

PER CURIAM.

This is a perfectly hopeless appeal, in which the appellant has appeared and argued *pro se*. No doubt appellant is smarting under a sense of grievance. From his layman's point of view, he thinks this court should turn at once to the heart of his grievance and, brushing aside all technicalities, should procure justice for him. Our function is a much less exalted one, as any lawyer could have told appellant.

In 1951 Frank H. Filice, the present appellant, filed in the United States District Court for the Northern District of California a complaint against the United States under the Federal Tort Claims Act, based upon a claim of personal injuries negligently inflicted upon him by an employee of the United States. The

result of this litigation was a judgment entered by the district court on June 12, 1952, determining that the plaintiff therein was entitled to recover from the United States the sum of $15,000 on account of such personal injuries. The docket shows that an appeal was originally undertaken by the government on July 30, 1952, but at any rate this appeal was dismissed upon stipulation on October 9, 1952. It does not appear that the plaintiff ever sought to appeal.

However, appellant now claims that the sum of $15,000 was grossly inadequate in view of the permanent nature of his injuries which, because of fraud practiced upon the court by a conspiracy between his counsel and lawyers for the government, was concealed from the court.

It will be helpful to inquire what would have been the result if the United States had been a private employer. The Federal Tort Claims Act indicates the extent to which Congress has consented that the United States may be sued for tort. The basic limitation is that the United States as employer shall be liable to the same extent, and no more, than would a private person, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346 (b).

Under the law of California, which is applicable here, the defendant, if a private employer, would have had a defense of res judicata. See Code of Civil Procedure California, § 1908(2); Panos v. Great Western Packing Co., 1943, 21 Cal.2d 636, 134 P.2d 242. The judgment of June 12, 1952, for $15,000, as long as it remained outstanding, would have operated as a final adjudication of the extent of the plaintiff's damages resulting from the negligent acts alleged. This would have been so even had the plaintiff been incapable of producing evidence of further damages at the original trial, as, for instance, where at the time of the trial it was believed by everyone that the plaintiff had suffered only tem-

porary injuries, but subsequently it had become evident that the plaintiff's injuries were permanent in nature. See Restatement, Judgments, § 1 and Comment *b* thereto. It would be no matter that such judgment was erroneous, either on the law or on the facts, or that it was a judgment by a trial court, if the judgment was final and no longer subject to be upset upon appeal. To put it in another way, the common law doctrine is that the original cause of action becomes merged in the judgment, and all the plaintiff can thereafter do is to sue on the judgment. See Restatement, Judgments § 47 and Comments. See also § 62, Comment *d*.

The then counsel for appellant realized that in some way this judgment of June 12, 1952, would have to be set aside, in order for the plaintiff to make any additional recovery against the United States. See Restatement, Judgments §§ 118, 126, and Comments. Accordingly, a motion was made before the district judge for the Northern District of California asking that court to vacate its earlier judgment on the ground that it had been obtained by fraud and conspiracy. This motion to vacate was heard on August 12, 1952, and was denied by the district court. No appeal was taken from the order of denial.

The judgment of June 12, 1952, was again attacked, for the same reasons, in a complaint in equity and an amended complaint filed in the United States District Court for the Northern District of California. On October 3, 1956, the district court entered its order granting a motion by the defendant to dismiss the amended complaint. No appeal was taken from this order of October 3, 1956. Later there was a motion to reconsider the order of October 3, 1956, dismissing the plaintiff's amended complaint. But this motion was denied on December 20, 1956, and no appeal was thereafter taken.

Finally, on September 19, 1958, this persistent plaintiff filed another complaint, based upon the same original cause of action, entitled "Complaint for Damages from Date of Trial", claiming

that the $15,000 judgment covered damages only to the date of the original trial and that he should further recover for permanent injuries, additional damages from the date of the original trial. The district court was asked a third time to reconsider its judgment of June 12, 1952, and to re-evaluate the extent of the plaintiff's injuries. By order entered March 30, 1959, the district court dismissed this complaint for damages from date of trial, with prejudice. It is this order of March 30, 1959, which is now under review. We fail to see how the district court could have decided otherwise than to dismiss the present complaint with prejudice.

A judgment will be entered affirming the order of the District Court.