R. S. Noonan, Inc., Appellant, *v.* York
School District.

Argued May 23, 1960. Before JONES, C. J., BELL,
MUSMANNO, JONES, BOK and EAGEN, JJ.

*James E. Buckingham,* with him *Arthur Markowitz,*
and *Markowitz & Kagen,* for appellant.

*Donn I. Cohen,* with him *Ports, May, Beers & Blakey,* and *Cohen, Senft and Rubin,* for Buchart Engineering Corp., appellee.

*K. F. Ralph Rochow,* for School District of City of York, appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 30, 1960:

Prior to October 31, 1957, the School District of the City of York advertised for competitive sealed bids from contractors wishing to vie for the erection of a new school building to be known as the Hannah Penn Junior High School, all bids to be submitted no later than 4 p.m. of that day. When the bids were opened that evening, R. S. Noonan, Inc., was revealed to be the lowest bidder. However, on November 7, 1957, the Board of Directors of the School District, by unanimous vote, rejected all the submitted bids and authorized its architect, the Buchart Engineering Corporation, to advertise for new bids which would be opened on November 30, 1957.

On that date, the contracting firm of I. Reindollar & Son emerged as the lowest bidder and was awarded the contract for the erection of the new school building. R. S. Noonan, Inc., then brought a bill of complaint in the Court of Common Pleas of York County, praying that the School District and the Buchart Engineering Corporation be ordered to award the contract for the new construction to the plaintiff and be required to pay such damages as it had suffered in the premises.

The defendants entered preliminary objections and as a result the plaintiff filed an amended complaint, to which the defendants offered still further preliminary objections which, insofar as they are here material, were in the nature of a demurrer. The court sustained the demurrer and the plaintiff appealed.

The plaintiff contends that the School District of York was guilty of bad faith, arbitrary action, and abuse of discretion in rejecting its bid. The plaintiff submits that its bid was not unreasonably high, it was within the amount appropriated by the board for the project, there was no collusion among the bidders, and the project was not to be abandoned, postponed or altered in any way. Thus, it argues, there was no justification for rejection of its bid, with those of the others, and the ordering of new bids.

The plaintiff stands on the Public School Code, Act of 1949, P.L. 30, amended by Act of 1957, P.L. 775, §751, 24 PS §7-751(a), which provides: "All construction . . . upon any school building or upon any school property, made by any school district, where the entire cost, value or amount of such construction . . . including labor and material, shall exceed one thousand dollars ($1,000.00) shall be done under a contract or contracts to be entered into by such school district with the lowest responsible bidder, upon proper terms, after due public notice has been given asking for competitive bids. . . *The board of school directors shall award the contract or contracts to the lowest responsible bidder or bidders. . .*" (Emphasis supplied.)

However, the statute does not vest in a disappointed low bidder a cause of action, but gives to the public, in a taxpayer's suit the right to demand that the lowest responsible bidder be awarded the contract. This principle of law was well summarized in 43 American Jurisprudence, Public Works and Contracts, Paragraph 65: "Such a statutory provision, enacted as a protection to the public, cannot be used to make disobedience of its provisions by public officers a double source of punishment to the public body; if the low bidder is permitted to maintain such an action then this obedience of the statute would make the public body pay the

difference between the lowest bid and the bid for which the contract was made, and also the profit that the lowest responsible bidder would have made if the statute had not been violated. And when a public official in good faith refuses to award a contract the bidder has no right of action against him for damages although his bid is the lowest, and it has been held that no right of action exists even though the public authorities acted maliciously."

As early as 1876, this Court held in the case of *Commonwealth ex rel. Snyder v. Mitchell,* 82 Pa. 343, that a disappointed bidder has sustained no personal injury which entitles him to redress in court. If there be a loss in such a situation, it is the loss of the public: "By their bid they (Snyder & Co.) proposed to contract for certain work; that bid was not accepted. It was a mere proposal that bound neither party, and as it never was consummated by a contract, the city acquired no right against the relators nor they against the city. Snyder & Co. are wanting in a specific remedy only because they had failed to establish a legal right. *The injury, if any, resulting from the rejection of their bid, fell upon the public and not upon them personally.* It may be that, if they had obtained the contract, they might have made a profit, but the law takes cognizance of neither speculative contracts nor speculative damages, but only such as are fixed and definite. Where there is no contract there is no law, *legem enim contractus dat."* (Emphasis supplied)

The plaintiff cites the case of *Heilig Bros. Co., Inc. v. Kohler,* 366 Pa. 72, in support of its position. It is true that the plaintiff in that case was a disappointed bidder, but the opinion specifically pointed out that: "The present action in substance is a taxpayer's bill. . . . The bill states that the action is instituted 'in its behalf and in behalf of all parties who may intervene.' "

The relief sought by the plaintiff in that case was not a benefit peculiar and individual to itself. It filed a complaint in equity to set aside a sale of land by the York County Institution District, which it had unsuccessfully tried to purchase, and we ordered the sale set aside. No personal benefit accrued to *Heilig* because of the Court's decision. It only shared in the benefits which accrued to the community as the result of cancelling a conveyance which had been obtained through breach of trust of public officials.

In sharp contrast to that case, the action instituted by the plaintiff here seeks the awarding of a contract to it and the assessment of damages. This clearly is not a taxpayer's action. It could be that the public would benefit by the awarding of the contract to the plaintiff, but it is for the taxpayers to protest what the School Board has done if they believe there was misconduct on the part of its officers.

We conclude that the plaintiff is without legal right to the remedy it seeks in its individual and private capacity and, therefore, find it unnecessary to decide other issues presented on appeal, including the one decided by the lower court and relied upon by plaintiff, namely, that the complaint failed to allege facts constituting bad faith on the part of the school district. It may be in order to mention, however, that in arguing that the school district board could not arbitrarily exercise the right to reject bids, the plaintiff cited at least fifteen cases, *all of which were actions instituted by taxpayers for the protection of taxpayers' rights.* This fact clearly reveals how unrealistic are plaintiff's fears that if the lowest bidder does not have any cause of action, uncontrolled misconduct of public officers is possible. The taxpayers do have the right and have steadily and increasingly availed themselves of the right to inquire into the propriety of conduct of their public officers and to enjoin unlawful action by them.

As a final observation on the case, attention is drawn to the fact that the advertisement inviting bids included this statement: "right is reserved to waive informalities and to accept any bid or to reject any or all bids." This put all bidders on notice that their bids might be rejected.

The case of *American Pavement Co. v. Wagner*, 139 Pa. 623 (1891), 21 A. 160, is directly in point. There the right to accept or reject any or all bids was also expressly reserved. The director did reject all and the lowest bidder sued when new bids were invited under changed specifications and another bidder was low. We said: "The director of public works had an undoubted right, in the exercise of his judgment and discretion, and acting in good faith in the interest of the city, to refuse to accept any of the bids tendered on May 31, 1887. Having done so, he had a right at another time to solicit other bids upon the same and upon different specifications, and to accept the lowest of all the bids, by a responsible bidder, under the specifications which he should regard as most favorable to the public interest. . . ."

The plaintiff also claims damages from the Buchart Engineering Corporation for alleged malicious interference with its business relationship with the defendant school district. The plaintiff's complaint on its face shows that Buchart's actions in the matter were privileged. Also, this allegation sounds in tort, for which there is an adequate remedy at law.

Decree affirmed; at appellant's cost.

Mr. Justice COHEN took no part in the consideration or decision of this case.