**William MIRIN dba Strip Cab Co., and Raymond Chenoweth, dba Nellis Cab Co., Plaintiffs and Appellants,**

v.

**TAXI CAB AUTHORITY OF CLARK COUNTY, NEVADA, Defendant and Appellee.**

**No. 24274.**

United States Court of Appeals, Ninth Circuit.

April 29, 1971.

William Mirin, in pro. per.

Raymond Chenoweth, in pro. per.

Lionel & Sawyer, Las Vegas, Nev., for Star Cab Co., and others.

William Logan (argued), Asst. Atty. Gen., Harvey Dickerson, Atty. Gen., Carson City, Nev., Louis Weiner (argued), of Weiner, Goldwater & Galatz, Las Vegas, Nev., for intervenor Yellow Cab.

Gabe Hoffenberg, Las Vegas, Nev., for intervenor Ace Cab Co.

Bell & Morris, Las Vegas, Nev., for intervenor Union Cab Co.

Elmer M. Gunderson, Las Vegas, Nev., for intervenor Checker Cab Co.

Before CARTER and HUFSTEDLER, Circuit Judges, and BYRNE,* District Judge.

BYRNE, District Judge:

On December 14, 1966, the Public Service Commission of the State of Nevada (hereinafter the Commission) issued an order which allocated among the several competing companies doing business in Clark County, Nevada, the number of taxicabs serving that area. Appellants were alloted one taxicab each. A second order promulgated by the Commission on December 18, 1967, expanded the area in which appellants could conduct their business and increased their taxicab allotment. As a result of numerous events not germane to our resolution of this appeal, the allocation order of December 14, 1966, was reinstated. In Checker, Inc., v. Public Service Commission, 446 P.2d 981, 988 (Nev.1968), the Nevada Supreme Court sustained the propriety of the Commission's apportionment of taxicabs among Clark County's taxicab carriers: " * * * we hold that the power to regulate includes the power to allocate the number of taxicabs serving an area, and when that need in the public interest exists, the Commission has the duty to do so". Because several companies had relied on its invalid ex parte orders, the Commission was directed by the Court "to hold another hearing within a reasonable time to consider the allocation of taxicabs within that county, and to grant to all

* Honorable William M. Byrne, United States District Judge, Los Angeles, California, sitting by designation.

certified carriers the full opportunity to be heard".

Appellants petitioned the United States District Court to enjoin implementation of the December 14, 1966, order "until the issuance of a fair new allocation order granted at a hearing when all of plaintiffs and their competitors have an opportunity to be heard and are represented". As grounds for this petition, appellants alleged the Commission members had "deprived (them) of their rights and property without due process of law, denied equal protection of the laws *vis a vis* their competitors, and are threatened with effective confiscation and deprivation of their property and livelihood without just compensation" all in violation of the Fourteenth Amendment. The District Court, on motion of the Commission members, dismissed the action for want of subject matter jurisdiction.

■ If a complaint raises a federal question, the mere claim confers power on the District Court to decide that it has no merit as well as to decide that it has. Plaintiffs asserted a claim under 28 U.S.C. § 1343(3), *see, e. g.,* York v. Story, 324 F.2d 450 (9th Cir. 1963), cert. den. 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659 (1964). The dismissal of the action was proper but it should have been dismissed because the petition failed to state a claim upon which relief could be granted. *See*, Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Weiss v. Los Angeles Broadcasting Co., 163 F.2d 313 (9th Cir. 1947), cert. den. 333 U.S. 876, 68 S.Ct. 895, 92 L.Ed. 1152 (1948).

■ In any case, this appeal has become moot because the objective appellants sought by way of a federal injunction has come to pass. As noted above, appellants sought to restrain enforcement of the Commission's December 14, 1966, allocation order until the Commission held open hearings and issued a new order which reflected the evidence adduced at such hearing. Pursuant to Nevada Supreme Court's direction, the Commission conducted forty-five days of public hearings. The appellants were among the thirty-six witnesses who testified at the hearings. On July 18, 1969, a new allocation order based on "the testimony and evidence" presented at the hearings was issued by the Commission. Any dissatisfaction appellants may have with regard to their taxicab allotment now must be channeled in the Nevada Courts. *See* NRS 704.540.

Affirmed.