William **MIRIN, dba Strip Cab Co., and Raymond Chenoweth, dba Nellis Cab Co., Plaintiffs-Appellants,**

v.

**The STATE OF NEVADA on relation of its PUBLIC SERVICE COMMISSION et al., Defendants-Appellees.**

No. 75–3203.

United States Court of Appeals, Ninth Circuit.

Oct. 22, 1976.

Rehearings and Rehearings En Banc Denied Feb. 22, 1977.

---

Patrick R. Doyle (argued), Las Vegas, Nev., John E. Thorne (argued), of Thorne, Clopton, Herz, Stanek & Manchester, Inc., San Jose, Cal., for plaintiffs-appellants.

Jeffrey N. Clontz, and George M. Keele, Deputy Attys. Gen. (both argued), Las Vegas, Nev., for defendants-appellees.

Before CHAMBERS and CHOY, Circuit Judges, and EAST,* District Judge.

EAST, District Judge:

Appellants above named (sometimes herein call Mirin and Chenoweth) appeal from a summary judgment in favor of Appellees (Commission) entered by the District Court on August 1, 1975 on the ground that the matters and issues raised by Appellants in their attack upon the Commission's allocation orders limiting the number of operable taxicabs (cabs) by Appellants under their respective certificates of necessity were barred under the Doctrine of Res Judicata. We affirm.

Three pertinent issues on review are presented:

1. Did the District Court hold jurisdiction over the subject matter of the proceedings?
2. Did the District Court err in granting the summary judgment of res judicata and dismissal?
3. Did the District Court err in refusing to reconsider and modify its conclusion of res judicata and dismissal of

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

the cause on the grounds of bribery of Appellants' counsel, alleged and raised after trial and entry of the District Court's conclusion? ·

Appellants are cab operators in Las Vegas, Nevada. During the year 1965, the Commission issued several certificates of public convenience and necessity to Mirin and Chenoweth. The certificates did not limit the number of cabs that Mirin and Chenoweth could respectively operate in Las Vegas.

Thereupon Mirin and Chenoweth each purchased a number of cabs and equipment for operation under his certificate of necessity.

On December 14, 1966, following a duly noticed hearing, the Commission issued an order limiting Mirin and Chenoweth to the operation of one cab each. ·

On January 15, 1968, the Commission, following a Nevada state court's decision holding that the Commission lacked power and authority to allocate, suspended its prior orders of allocation. Thereafter during the year 1968, the Supreme Court of the State of Nevada reversed and held that the Commission did have the power and authority to issue its December 14, 1966 order of allocation and mandated the Commission to reinstate that order. *Checker, Inc. v. Public Service Commission*, 84 Nev. 623, 446 P.2d 981 (1968). Thereupon the Commission re-implemented the December 14, 1966 order of allocation during January of 1969. The reimplementation of the December 14, 1966 order remained in effect until July 18, 1968 when the Commission issued a new allocation order.

Early in 1969 Mirin and Chenoweth instituted proceedings in the District Court seeking to enjoin the Commission's January, 1969 reinstatement of the December 14, 1966 allocation order of one operable cab to each of them. The main attack was to restrain the operation of the December 14,

1966 order until such time as the Commission should hold duly noticed hearings and enter its new allocation order. Their cause was predicated upon the grounds that the order deprived them of their rights and property without just compensation and due process of law and denied them equal protection of the law, vis-a-vis, their competitors.

The District Court denied injunctive relief and dismissed the complaint and action for want of subject matter jurisdiction. On appeal, this court, in *Mirin v. Taxi Cab Authority of Clark County, Nevada*, 441 F.2d 1123 (9th Cir. 1971) [hereinafter *Mirin-1*],[1] affirmed the dismissal but held that the complaint did allege a federal question and opined that the dismissal should have been for a failure to state a claim upon which relief could be granted. This court further noted, as an alternative ground for the dismissal, the issuance by the Commission, following a duly noticed hearing, of a new allocation order under the date of July 18, 1969, which mooted the attack upon the December 14, 1966 order.

While *Mirin-1* was in progress, Mirin and Chenoweth in August of 1969 applied to a Nevada state court for injunctive relief from the application of the Commission's July 18, 1969 allocation order claiming that the order in effect was an invalid extension of the December 14, 1966 allocation of one operable cab to each of them. The Nevada state court denied injunctive relief and validated the July 18, 1969 order under the rationale of *Checker, Inc., supra*. The Supreme Court of the State of Nevada dismissed an appeal on procedural grounds.

Shortly after this court's decision in *Mirin-1*, the Appellants on December 10, 1971 instituted the present proceedings in the District Court challenging the Commission's re-implementation of the December 14, 1966 allocation of one cab each on the grounds the allocation order violated the Fifth and Fourteenth Amendments' immunities and

1. The Commission is the lawful successor to the Taxi Cab Authority of Clark County, Nevada.

rights to just compensation and due process. They sought damages in inverse condemnation from the alleged summary confiscation of their taxicab operation properties as of January 29, 1969, the date of the reinstatement of the December 14, 1966 allocation order of one cab each. They alternatively sought mandatory injunctive relief directing a return of their operating rights under their initial certificates of necessity.

The District Court granted the summary judgment in favor of the Commission on the grounds that the issues presentable and the holdings in the August, 1969 Nevada state court proceedings and *Mirin-1* barred the relief sought in these proceedings under the Doctrine of Res Judicata between the parties.

### Issue 1:

■ Since the subject matter of the claims in *Mirin-1* and in these proceedings are basically the same constitutional attack upon the Commissioner's allocation order of December 14, 1966, we conclude, under the rationale of *Mirin-1*, that the District Court had subject matter jurisdiction.

"If a complaint raises a federal question, the mere claim confers power on the District Court to decide that it has no merit as well as to decide that it has. Plaintiffs asserted a claim under 28 U.S.C. § 1343(3) . . . [Citation omitted]. The dismissal of the action was proper but it should have been dismissed because the petition failed to state a claim upon which relief could be granted. . . ." *Mirin-1* at 1125.

### Issue 2:

■ It is clear the parties involved in these proceedings and those in *Mirin-1* are identical or their privies. Further, Appellants' attack upon the Commission's reinstatement of its allocation order of December 14, 1966 in *Mirin-1* and their attack upon the same order in these proceedings are each based upon the same federal questions and claims which were, or could have

been, raised in *Mirin-1*. We conclude the District Court did not err in holding that Appellants' federal questions and claims in these proceedings were barred under the Doctrine of Res Judicata. The valid and final judgment in *Mirin-1* operates as an absolute bar to a second suit between the same parties or their privies based on the same cause of action not only in respect of every matter actually litigated, but also as to every ground of recovery or defense which might have been presented. *Filice v. United States*, 271 F.2d 782 (9th Cir. 1959), cert. denied, 362 U.S. 924, 80 S.Ct. 677, 4 L.Ed.2d 742 (1960). *See Lawlor v. National Screen Service*, 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955). Furthermore, the seeking of only injunctive relief by Appellants in *Mirin-1* is of no consequence. We adopt the rationale of *Clarke v. Redeker*, 406 F.2d 883, 884–85 (8th Cir. 1969), holding that a suit for injunctive relief is preclusive of a later suit for damages based upon the same cause of action.

We do not reach the question of res judicata or judicial estoppel effect of the August, 1969 Nevada state court conclusions and holdings upon these proceedings.

### Issue 3:

■ Following the entry of the District Court's memorandum opinion that a summary judgment in favor of the Commission should issue under the Doctrine of Res Judicata but prior to the entry of such judgment, Appellants moved for a reconsideration of the conclusion. In support of a prong of that motion, the Appellants tendered two affidavits which they claim showed that their attorney of record in the District Court phase of *Mirin-1* took bribes from non-parties to perform sham representation of Mirin and Chenoweth. Accordingly they assert *Mirin-1* was not an adversary proceeding worthy of the application of the Doctrine of Res Judicata. We deem the assertion to be without merit. The denial of reconsideration was within the discretion of the District Court and we find no abuse of that discretion.

Appellants failed to show any prejudice to their meritless causes through their counsel's representation.

The summary judgment in favor of the Commission entered by the District Court on August 1, 1975 is affirmed.

AFFIRMED.