Barbara L. LEWIS

v.

The SCHOOL DISTRICT OF BRISTOL TOWNSHIP, Gerald Witman, Thomas Wright, Sal F. Patti, Henry P. Storey, Martha Bell, David Lloyd, III, Edwin W. Godin, Christopher Altimari, Walter Rudzinski, and Joseph Kaufman.

Helen C. TRACY

v.

The SCHOOL DISTRICT OF BRISTOL TOWNSHIP, Gerald Witman, Thomas Wright, Sal F. Patti, Henry P. Storey, Martha Bell, David Lloyd, III, Edwin W. Godin, Christopher Altimari, Walter Rudzinski, and Joseph Kaufman.

Civ. A. Nos. 77–3281, 77–3282.

United States District Court,
E. D. Pennsylvania.

Jan. 31, 1978.

Sol H. Weiss, Philadelphia, Pa., for plaintiffs.

Edwin N. Popkin, Bristol, Pa., for defendants.

## OPINION

LUONGO, District Judge.

Barbara L. Lewis and Helen C. Tracy, public school teachers employed by the School District of Bristol Township, brought these identical actions for equitable relief under the Civil Rights Act of 1871, 42 U.S.C. § 1983 (1970), and under state law, against the School District itself, the members of the School Board of Bristol Township, and the Superintendent of Schools of Bristol Township. Jurisdiction is based on 28 U.S.C. § 1343(3) (1970). The defendants now move to dismiss the complaints for failure to state a claim. For the reasons hereafter stated, I conclude that the complaints must be dismissed.

■ At the outset, I note that the School District of Bristol Township is not a "person" within the meaning of § 1983.[1] *See Monell v. Department of Social Servs.,* 532 F.2d 259, 262–64 (2d Cir. 1976) (New York City Board of Education), *cert. granted,* 429 U.S. 1071, 97 S.Ct. 807, 50 L.Ed.2d 789 (1977); *Burt v. Board of Trustees of Edgefield County School Dist.,* 521 F.2d 1201, 1205 (4th Cir. 1975) (per curiam); *Adkins v. Duval County School Bd.,* 511 F.2d 690 (5th Cir. 1975); *cf. City of Kenosha v. Bruno,* 412 U.S. 507, 512–13, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973) (municipality). *See generally Mount Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 279, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (noting, but not deciding, this question). The plaintiffs concede this point. Plaintiffs' Joint Memorandum in Opposition to Defendants['] Motion to Dismiss, at 1. Accordingly, no cause of action against the School District is stated in either complaint, and I will dismiss both complaints as to the School District for failure to state a claim against that entity.

Turning now to the substance of the plaintiffs' claims, their complaints allege the following facts. Lewis graduated from Shippensburg State College in 1951, with a B.S. degree in Business Education. She taught Business Education at Burnham

---

1. Section 1983 provides:
   "§ 1983. Civil action for deprivation of rights
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

High School, in Burnham, Pennsylvania, until 1953, when she resigned. In 1962, Lewis was hired by the School District of Bristol Township to teach first grade, a position she resigned when her son was born. In 1967, Lewis was again hired by the School District as an elementary school teacher. In June of 1977, she was involuntarily transferred by the School Board, "pursuant to a reduction in force," and assigned to teach "Business Education." Complaint ¶ 19. Lewis has informed the School District of her belief that she is unqualified to teach Business Education, and has requested that the subject be deleted from her teaching certificate. Lewis further alleges:

"22. The Pennsylvania Public School Code 24 Pa. S. § 11–1101 et seq. and the regulations promulgated thereunder provide for determinations to be made with respect to certification and deletion of subjects from certification certificates. In part, the Act affords the applicant a hearing to determine his or her request. School District although requested has refused to decertify plaintiff for the requested subjects or grant her a hearing."

Tracy graduated from Marywood College in 1947, and was certified to teach home economics. She taught home economics in Wilkes-Barre public schools for four years. In 1963, Tracy was hired by the School District as an elementary school teacher. In June of 1977, she was involuntarily transferred by the School Board, "pursuant to a reduction in force," and assigned to teach home economics in a "middle school." Complaint ¶¶ 18–19. Tracy has informed the School District of her belief that she is unqualified to teach home economics, and has requested that the subject be deleted from her teaching certificate. Just as Lewis did, Tracy alleges:

"22. The Pennsylvania Public School Code 24 Pa. S. § 11–1101 et seq. and the regulations promulgated thereunder provide for determinations to be made with respect to certification and deletion of subjects from certification certificates. In part, the Act affords the applicant a hearing to determine his or her request. School District although requested has refused to decertify plaintiff for the requested subjects or grant her a hearing."

Both complaints also allege that, as a result of the defendants' actions, the plaintiffs "[have] been denied due process of law and that [their] civil rights have been violated." Lewis Complaint ¶ 23; Tracy Complaint ¶ 23. With respect to the legal theory or theories on which the plaintiffs rely, the complaints and the memorandum of law are astonishingly imprecise. At oral argument, however, plaintiffs' counsel argued that the defendants, by denying without prior hearing each plaintiff's request for decertification, deprived Lewis and Tracy of property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States.[2]

In order to secure the relief that they seek under § 1983, Lewis and Tracy must demonstrate that one or more of the defendants, acting under color of state law, deprived them of a federally-protected property interest without according them the procedural fairness mandated by the Fourteenth Amendment's due process clause. See, e. g., Goss v. Lopez, 419 U.S. 565, 572–74, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); Board of Regents v. Roth, 408 U.S. 564, 569, 576–78, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, 408 U.S. 593, 599–603, 92 S.Ct. 2694, 33 L.Ed.2d 570

2. The plaintiffs do not claim that the defendants' actions have deprived them of "liberty" either by injuring their reputations or by foreclosing any future employment opportunities. See generally Paul v. Davis, 424 U.S. 693, 701–12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); Board of Regents v. Roth, 408 U.S. 564, 573–74, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Nor do they claim a Meyer v. Nebraska-type "liberty" interest in deciding, free from unreasonable inter-ference by their supervisors, which subjects they shall teach. See generally New Motor Vehicle Bd. v. Orrin W. Fox Co., 46 U.S.L.W. 3386, 3387 (1977) (Rehnquist, Circuit Justice); Meyer v. Nebraska, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923); Goldstein, The Asserted Constitutional Right of Public School Teachers to Determine What They Teach, 124 U.Pa.L. Rev. 1293, 1305–16 (1976).

(1972). Thus, the threshold question here is whether, taking all well-pleaded factual allegations of the complaints to be true, *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (per curiam), Lewis and Tracy were deprived of a property interest protected under the Fourteenth Amendment.

■ That a tenured public school teacher has a property interest in continued employment is now established beyond question. *E. g., Mount Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 283, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (by implication); *Goss v. Lopez, supra,* 419 U.S. at 573, 95 S.Ct. 729 (dictum); *Board of Regents v. Roth, supra,* 408 U.S. at 576–77, 92 S.Ct. 2701; *Buck v. Board of Educ.,* 553 F.2d 315, 318 (2d Cir. 1977), *petition for cert. filed,* 46 U.S.L.W. 3275 (U.S. Oct. 14, 1977) (No. 77–555); *King v. Caesar Rodney School Dist.,* 380 F.Supp. 1112, 1118 & n. 9 (D.Del.1974). This principle provides little support for the plaintiffs' claims, however, as neither Lewis nor Tracy is under threat of suspension or termination. Some authority may also be found for the narrower proposition that a tenured public school teacher has a property interest in his or her teaching certificate.[3] *See Pordum v. Board of Regents,* 491 F.2d 1281, 1283–84 (2d Cir.), *cert. denied,* 419 U.S. 843, 95 S.Ct. 74, 42 L.Ed.2d 71 (1974). Once again, however, this principle does not aid the plaintiffs in establishing that they have been deprived of a property interest, for neither Lewis nor Tracy faces annulment of her teaching certificate. I fail to see how the complained-of actions here— the defendants' *refusal to delete* certain subjects from the plaintiffs certificates— can be characterized as a deprivation of any property interest. *Deletion* of a subject from a teacher's certificate might well amount to a deprivation of a property interest, in which event that deletion would implicate the procedural aspect of the due process clause. However, *refusing* to make requested deletions, it seems to me, deprives a teacher of nothing that is cognizable as a property interest under the Fourteenth Amendment.

If public school teachers were entitled, either by state law or by the certifying authority's consistent practice, to have subjects deleted from their certificates under certain circumstances, a refusal to decertify might well amount to a deprivation of property. *See generally Perry v. Sindermann, supra,* 408 U.S. at 599–603, 92 S.Ct. 2694; *Board of Regents v. Roth, supra,* 408 U.S. at 576–77, 92 S.Ct. 2701. The plaintiffs do not contend, however, that this is such a case. They assert no entitlement to decertification, but simply an entitlement to be heard on their requests for decertification.[4] Accordingly, I conclude that they have not been deprived of property within the meaning of the Fourteenth Amendment, and I will therefore grant the defendants' motion to dismiss. Since the federal claim is being dismissed, the pendent state law claim, which is based on the Public School Code of 1949, *see* note 4, *supra,* will also be dismissed. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

---

3. The plaintiffs rely on *Cleveland Bd. of Educ. v. LaFleur,* 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974), for the proposition that "tenured teachers have a property right in their teaching certificates." Joint Memorandum in Opposition at 6. As I read that case, however, the Court held only that the challenged mandatory suspension from *employment* prior to, and following, pregnancy "unduly penalize[d] a female teacher for deciding to bear a child." 414 U.S. at 648, 94 S.Ct. at 800. Indeed, teaching certificates are nowhere mentioned in the Court's opinion.

4. At oral argument, plaintiffs' counsel advised the court that the basis for this claim is section 1211 of the Public School Code of 1949, Pa. Stat.Ann. tit. 24, § 12–1211 (Purdon 1962), which provides for a hearing upon notice before a teaching certificate is annulled. I need not pass on this issue of state law, for in my view it has no bearing on plaintiffs' due process contention.