J. P. MASCARO & SONS, INC.

v.

TOWNSHIP OF BRISTOL, The Board of Commissioners of the Township of Bristol, James K. Pekarski, L. Marie Mascia, Chaser J. Cotugno, William H. Sommerer, Anthony V. Gesualdi, Robert Lewis, Jr., Jennie Cattani, Jerry Catania, Albert M. Wurm, James A. Aichele and Anthony J. Melis, as members of the Board of Commissioners of the Township of Bristol.

Civ. A. No. 80–1856.

United States District Court,
E. D. Pennsylvania.

Oct. 6, 1980.

Christopher C. Fallon, Jr., Cozen, Begier & O'Connor, Philadelphia, Pa., for plaintiff.

Leonard B. Sokolove, Sokolove, Pechter, Stief & Waite, Bristol, Pa., for defendants.

## OPINION

LUONGO, District Judge.

Plaintiff, J. P. Mascaro & Sons, Inc., brought this action alleging violations of its civil rights under 42 U.S.C. § 1983[1] and asserting pendent claims under state tort law.[2] All of plaintiff's claims arise out of the failure of defendant, The Township of Bristol (Township), to grant plaintiff a hearing prior to rejecting plaintiff's bid on a refuse removal contract.

This case is presently before me on defendants' motion to dismiss for lack of subject matter jurisdiction. F.R.Civ.P. 12(b)(1).[3] The parties, however, in both their written submissions and at oral argument, have framed the issue as whether plaintiff has stated a claim which is cognizable under 42 U.S.C. § 1983. Accordingly, I will consider the motion before me as a motion to dismiss for failure to state a claim upon which relief can be granted. F.R.Civ.P. 12(b)(6). See e. g., Mirin v. Taxi Cab Authority, 441 F.2d 1123, 1125 (9th Cir.), cert. denied, 404 U.S. 914, 92 S.Ct. 240, 30 L.Ed.2d 188 (1971); Dennis v. Hein, 413 F.Supp. 1137, 1139 (D.S.C.1976). See also Coggins v. Carpenter, 468 F.Supp. 270, 279 (E.D.Pa.1979) (Court may raise motion to dismiss for failure to state a claim sua sponte).

The pertinent facts in this case can be briefly stated. The Commonwealth of Pennsylvania requires that requests for bids for a public contract with a township be advertised, and that the contract be awarded to the lowest responsible bidder. 53 Pa.Stat.Ann. § 56802(b) (Purdons Supp. 1980). In the fall of 1979, pursuant to this statutory requirement, The Township of Bristol advertised for bids for a refuse collection contract. Plaintiff, which was the incumbent trash collector for the Township, submitted a bid of $929,000. This was the lowest bid submitted. On November 21, 1979, the contract was awarded to Penn Sanitation Company which, according to the Township Board of Commissioners, was the lowest responsible bidder. Mascaro asserts in its complaint that the Township's manager, defendant M. Michael Markl, stated that the reasons for the rejection of plaintiff's bid were the inadequacy of plaintiff's equipment, disputes concerning times of payment under the contract then in effect between the parties, and various lawsuits which had been instituted by plaintiff against defendant. No hearing had ever been held to determine whether or not plaintiff was a responsible bidder.

Plaintiff alleges that the failure to grant it a hearing on the issue as to whether it was a responsible bidder deprived it of property without due process of law in violation of the Fourteenth Amendment to the

---

1. 42 U.S.C. § 1983 provides, in pertinent part, that:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

    42 U.S.C.A. 1983 (West pamphlet 1979).

2. Plaintiff alleges that defendants' actions constituted malfeasance, (Complaint ' 41) and slander of property under Pennsylvania law (Complaint '' 43–45).

3. Plaintiff asserts that this court has jurisdiction pursuant to both 28 U.S.C.A. § 1331 (West Supp.1980), and 28 U.S.C.A. § 1343 (West Supp.1980).

Constitution of the United States. Plaintiff does not seek a judicial award of the contract to it, nor does it seek a termination of the Township's contract with Penn Sanitation. Plaintiff does seek an award in excess of $600,000 for damages allegedly incurred from the failure to grant it a hearing on its responsibility as a bidder.

■ In order to secure the relief it seeks under § 1983, plaintiff must demonstrate that the Township deprived it of property without according it the procedural protection required by the due process clause. *Board of Regents v. Roth*, 408 U.S. 564, 568, 92 S.Ct. 2701, 2704, 33 L.Ed.2d 548 (1972). The threshold question, therefore, is whether the interest claimed by Mascaro is a property interest protected by the Constitution. *Lewis v. School District of Bristol*, 443 F.Supp. 923, 926 (E.D.Pa.1978). In order to have a property interest in a government benefit, whether it be a job or a public works contract, the party making the claim must show that it has a "legitimate claim of entitlement." *Board of Regents v. Roth, supra*, 408 U.S. at 577, 92 S.Ct. at 2709. Whether or not a claimant has such an entitlement to the benefit is decided by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976), *Rosenthal v. Rizzo*, 555 F.2d 390, 392 (3d Cir.), *cert. denied*, 434 U.S. 892, 98 S.Ct. 268, 54 L.Ed.2d 178 (1977).

■ Initially, since it was the lowest monetary bidder, plaintiff contended that 53 Pa.Stat.Ann. § 56802(b), with its requirement that the contract be awarded to the lowest responsible bidder, gave it a claim of entitlement to the contract. Plaintiff now concedes, however, that this statute does not create rights in one who bids on a contract, but rather exists merely to protect the taxpayers from wasteful or fraudulent expenditures of public funds.[4] *Sovereign Construction Company, Ltd. v. City of Philadelphia*, 439 F.Supp. 692, 694 (E.D.Pa. 1977), *aff'd mem.* 582 F.2d 1276 (3d Cir. 1978), *cert. denied*, 439 U.S. 1072, 99 S.Ct. 844, (1979); *R. S. Noonan, Inc. v. York School District*, 400 Pa. 391, 395, 162 A.2d 623 (1960). Under Pennsylvania law a disappointed bidder simply has no cause of action for failure to receive a contract. *Sovereign Construction Company, Ltd., supra*, at 694. Plaintiff, therefore, has no claim of entitlement to a public contract based on the requirement that the contract be awarded to the lowest responsible bidder, since in Pennsylvania, that requirement is solely for the protection of the taxpayers.[5]

■ Despite the absence of any statutory entitlement to the refuse collection contract, plaintiff still contends that it has been deprived of a property interest. Essentially, Mascaro claims that the failure of defendant to grant it a hearing deprived it

---

4. Pursuant to this public policy, it has been generally held that a disappointed bidder has no right to damages for loss of profit. *See e. g., R. S. Noonan, Inc. v. York School District*, 400 Pa. 391, 395, 162 A.2d 623 (1960); *M. A. Stephen Construction Co. v. Borough of Rumson*, 125 N.J.Super. 67, 308 A.2d 380, 384–85 (N.J. Super.Ct., App.Div.1973), (citing cases). The rationale behind the disallowance of damages is that an award of damages would force the taxpayers to shoulder a double burden. As the Pennsylvania Supreme Court pointed out in *Noonan*, "if the low bidder is permitted to maintain such an action . . . [it] would make the public body pay the difference between the lowest bid and the bid for which the contract was made, and also the profit that the lowest responsible bidder would have made if the statute has not been violated." *R. S. Noonan v. York School District, supra* 400 Pa. at 394, 162 A.2d at 625.

Due to my determination *infra* that plaintiff has failed to allege a deprivation of a property interest sufficient to state a claim under § 1983, I find it unnecessary to consider whether Mascaro would, in any event, be entitled to the relief which it is seeking.

5. Plaintiff places great reliance on the case of *Housing Authority of the City of Opelousas v. Pittman Construction Company*, 264 F.2d 695 (5th Cir., 1959). In *Pittman*, the Fifth Circuit held that a low bidder must be given a fair chance to disprove any charges of irresponsibility. *Id.* at 703. The Court's decision, however, was based on its interpretation of the Louisiana Public Works law which, according to judicial interpretation, allowed disappointed bidders to sue. *Id.* Plaintiff has cited no Pennsylvania law which would give a disappointed bidder a similar right.

of its fundamental right to earn a livelihood, a right protected by both the United States and Pennsylvania Constitutions. *See,* U.S. Const. Amend. XIV, Pa.Const. Art. I, § I. Plaintiff is clearly correct when it contends that the right to pursue a livelihood is a property right under Pennsylvania law. *See, e. g., Montgomery County Bar Association v. Rinalducci,* 329 Pa. 296, 298, 197 A. 924 (1938); *Mazzocone v. Willing,* 246 Pa.Super. 98, 369 A.2d 829, 831 (Ct. 1977) *reversed on other grounds,* 482 Pa. 377, 393 A.2d 1155 (1978). "Unquestionably, the right to pursue the occupation of one's own choosing may not be curtailed without due process of law. The interest in a profession, being akin to a property right, may not be removed arbitrarily." *Pirillo v. Takiff,* 462 Pa. 511, 341 A.2d 896, 900 (Pa. 1975), *appeal dismissed,* 423 U.S. 1083, 96 S.Ct. 873, 47 L.Ed.2d 94 (1976). Plaintiff, however, misses the point. The protections of procedural due process do not apply unless there has been a *deprivation* of a property interest. *Board of Regents v. Roth, supra,* 408 U.S. at 570, 92 S.Ct. at 2705. Mascaro has failed to demonstrate how the failure of the Township, to either award it the contract or to grant it a hearing, deprived it of its right to pursue a livelihood.

■ There are no allegations in this case that Mascaro has been prevented from being a trash collector. This is not a case, for example, where the government has precluded a bidder from ever bidding on contracts in the future. *See Gonzalez v. Freeman,* 334 F.2d 570, 575 (D.C. Cir. 1964). Nor is it comparable to a case where an attorney has been disbarred without a hearing. *See In re Shigon,* 462 Pa. 1, 329 A.2d 235 (1969). In a similar vein, Mascaro is not being arbitrarily denied a license prerequisite to engaging in a lawful activity. *See Bell v. Burson,* 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90 (1971). All that this case involves is a contract "lost" by a disappointed bidder, the inevitable byproduct of the procedure through which public contracts are awarded.

The Pennsylvania Supreme Court has stated that an indirect, remote, and non-purposeful consequence or merely a side effect of the direct, governmental regulation of or imposition of burdens upon other persons does not constitute a deprivation of or interference with property within the meaning of the [United States or Pennsylvania constitutions].

*Beauty Hall v. State Board of Cosmetology,* 418 Pa. 225, 231, 210 A.2d 495, 498 (1965).

All that occurred in the instant case is that Mascaro failed to win a particular refuse collection contract which it agrees that it had no entitlement to under the applicable statute. The harm suffered by plaintiff was indirectly caused by the action of the government in awarding the contract to another party. There have been no allegations that Mascaro will be precluded from bidding for refuse contracts in the future in either Bristol, or any other township in the Commonwealth. There have simply been no facts alleged, either in the complaint or at argument, that the Township, in any direct way, deprived Mascaro of its ability to pursue its livelihood. Since Mascaro has failed to allege sufficient facts to establish a property interest in the contract, or a deprivation of its right to pursue its livelihood, it has not alleged any facts which, as a matter of law, would have required the Township to have granted it a pre–award hearing. *See Old Dominion Dairy Product, Inc. v. Brown,* 471 F.Supp. 300, 303 (D.D.C. 1979). Accordingly, plaintiff's civil rights claim must be dismissed. Since the federal claim is being dismissed, the pendent state law claims will also be dismissed. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).