## Vivian v. The Hempfield Township Municipal Authority

*Gary P. Caruso*, for plaintiff.
*Donald J. Snyder*, for defendant.

ACKERMAN, *J.*, August 12, 1983—Before the court are the preliminary objections of defendant, The Hempfield Township Municipal Authority, to plaintiff's complaint in equity. Plaintiff, an electrical contractor, was the bidder on one of the authority's projects. Plaintiff's action seeks to compel the award of the electrical contract to himself and to enjoin its award to anyone else. Initially the authority opened bids on the project on March 14, 1982, but because of irregularities in the bidding procedure, the bids were all rejected. After readvertisement, bids were again received and opened on April 4, 1982. The authority informed plaintiff that his bid was rejected because the bond accompanying the bid was improperly dated since it was signed by the surety on March 14, 1983. Plaintiff contends that the bond dated March 14 was valid and still in effect on April

4th, and that as the lowest responsible bidder, the authority wrongfully has denied him the contract.

The authority has asserted three reasons in support of its preliminary objections; because plaintiff lacks standing to maintain this action against the authority, plaintiff's complaint must be dismissed.

Without question, under the Municipalities Authorities Act of 1945, 53 P.S. §312, the authority has the duty to award contracts to the lowest responsible bidder. This legislation, however, is not intended for the protection of bidders but for the protection of the public. The requirement of awarding contracts to the lowest responsible bidder was also found in the Public School Code when the supreme court reviewed the issue of the standing of a disappointed bidder.

"However, the statute does not vest in a disappointed low bidder a cause of action, but gives to the public, in a taxpayer's suit the right to demand that the lowest responsible bidder be awarded the contract. This principle of law was well summarized in 43 American Jurisprudence, Public Works and Contracts, Paragraph 65:

'Such a statutory provision, enacted as a protection of the public, cannot be used to make disobedience of its provisions by public officers a double source of punishment to the public body; if the low bidder is permitted to maintain such an action then this obedience of the statute would make the public body pay the difference between the lowest bid and the bid for which the contract was made, and also the profit that the lowest responsible bidder would have made if the statute had not been violated. And when a public official in good faith refuses to award a contract the bidder has no right of action against him for damages although his bid is the lowest, and it has been held that no right of action exists even though the public authorities acted maliciously.'

As early as 1876, this court held in the case of Commonwealth ex rel. Snyder v. Mitchell, 82 Pa. 343, that a disappointed bidder has sustained no personal injury which entitles him to redress in Court. If there be a loss in such a situation, it is the loss of the public:

'By their bid they (Snyder & Co.) proposed to contract for certain work; that bid was not accepted. It was a mere proposal that bound neither party, and as it never was consummated by a contract, the city acquired no right against the relators nor they against the city. Snyder & Co. are wanting in a specific remedy only because they had failed to establish a legal right. The injury, if any, resulting from the rejection of their bid, fell upon the public and not upon them personally. It may be that, if they had obtained the contract, they might have made a profit, but the law takes cognisance of neither speculative contracts nor speculative damages, but only such as are fixed and definite. Where there is no contract there is no law, legem enim contractus dat. (Emphases supplied.)' R. S. Noonan, Inc. v. York School District, 400 Pa. 391, 393-4, 162 A.2d 623, 624-5 (1960)."

As the court said in Noonan, "[t]his is clearly not a taxpayer's action." Id., at 395, 162 A.2d at 625. In his complaint plaintiff asserts that he will lose profits and suffer injury to himself. This is exactly the type of suit that the authorities cited above intended to preclude. Plaintiff has attempted to assert standing by pleading that he is a taxpayer of the county and the state. To accept such an overly broad inerpretation of the term would defeat the judicial prohibition that now exists against suits by disappointed bidders. There would be few bidders on any project who could not claim that they had not paid some sort of tax either to the county or the Com-

monwealth, thereby converting their personal claim into a "taxpayer's" action. I decline the offer to accept such a policy and hold that this plaintiff lacks standing to maintain his action against the authority.

## ORDER OF COURT

And now, this August 12, 1983, defendant's preliminary objection to the standing of plaintiff is hereby sustained; and plaintiff's complaint is dismissed.