505 A.2d 1071

J. P. Mascaro & Sons, Inc., Appellant *v.* Township of Bristol, et al., Appellees.

Argued December 10, 1985, before Judges Rogers and MacPhail, and Senior Judge Barbieri, sitting as a panel of three.

*William F. Fox, Jr.*, with him, *Marc D. Jonas*, for appellant.

*Clyde W. Waite*, for appellees.

Opinion by Senior Judge Barbieri, March 4, 1986:

J. P. Mascaro & Sons, Inc. (Mascaro), disappointed bidder for the Bristol Township trash collection contract, appeals here the order of the Bucks County Court of Common Pleas sustaining Bristol Township's (Township) preliminary objections in the nature of a demurrer and dismissing with prejudice the complaint filed by Mascaro against the Township and the individuals comprising the Township Board of Commissioners.

In November, 1982, Bristol Township issued a notice to bidders that sealed bids for the collection and disposal of solid waste for a period of three years, commencing January 2, 1983, would be received by the Township on November 10, 1982. The bids were required to be accompanied by the requisite bond(s), deposits, questionnaire, and affidavits as set forth in the Instructions to Bidders, together with a performance bond in the amount of 10% of the bid. Mascaro complied with all of the above requirements and submitted a bid of $955,524 for each year of the three year contract. The only other bidder was Penn Sanitation which submitted a bid of $990,840 for the first year, $995,640 for the second year, and $999,480 for the third year, making Penn Sanitation's bid the higher one by $119,388.

The Township manager recommended that the contract be awarded to Mascaro and included this recommendation in a memorandum prepared and delivered to the commissioners prior to the meeting at which the contract was to be awarded. The Township solicitor prepared a resolution to be acted upon by the individual commissioners recommending that the contract be awarded to Mascaro. Nevertheless, the commissioners, without requesting that either the memorandum or resolution be read, voted to award the contract to Penn Sanitation.

Mascaro then filed the subject complaint setting forth five counts alleging malfeasance on the part of the Township, slander of property, trespass, violation of Mascaro's state and federal due process rights, and failure to accord Mascaro its rights under the Local Agency Law, 2 Pa. C. S. §§551-555, 751-754. Bristol Township filed preliminary objections in the nature of a demurrer asserting the Township's and the individual commissioners' official and governmental immunities, Mascaro's failure to plead the necessary elements to sustain a cause of action of "slander of

property," and Mascaro's lack of standing to assert violations of the federal and state guarantees of due process due to Mascaro's lack of a legitimate claim of entitlement to the contract. It followed, asserted the Township, that the award of the contract had not been an adjudication dispensing with Mascaro's property rights necessitating a hearing under the Local Agency Law.

The common pleas court sustained the Township's preliminary objections and dismissed all five counts of Mascaro's complaint with prejudice. The court premised its dismissal of the complaint upon its reasoned opinion that Mascaro had no legitimate claim of entitlement to the contract. On appeal, Mascaro reproves the common pleas court for failing to fully analyze and consider each count of its complaint before dismissing them, and yet Mascaro states in its brief that it intends to focus on the standing and property right issues, although it insists that the complaint sets forth valid causes of action based upon theories of malfeasance, promissory estoppel and interference with a prospective contractual relationship. Because Mascaro fails to present the facts and law supportive of the legal theories upon which these latter variable counts are based, we are unable to discern the validity of those legal theories. Thus, we will affirm the common pleas court unless we determine that Mascaro has a legitimate claim of entitlement to the trash collection contract giving Mascaro standing to sue.[1]

---

[1] Preliminary objections in the nature of a demurrer admit all well-pleaded facts in the pleading attacked as well as all reasonable inferences deducible therefrom and should not be sustained unless it is clear on the face of the pleading that the law will not permit the recovery sought, all doubts to be resolved in favor of overruling the demurrer. *Association of Pennsylvania State Colleges and University Faculties v. Commonwealth,* 44 Pa. Commonwealth Ct. 193, 403 A.2d 1031 (1979).

The validity of that claim of entitlement, made under both the federal and state constitutions, must be decided by reference to state law. *ARA Services, Inc. v. School District of Philadelphia*, 590 F. Supp. 622 (E.D. Pa. 1984). In Pennsylvania, a disappointed bidder has sustained no injury which entitles him to redress in court, even if the public official who refuses to award him the contract has a statutory obligation to award it to the lowest bidder.[2] *Highway Express, Inc. v. Winter*, 414 Pa. 340, 200 A.2d 300 (1964); *R. S. Noonan, Inc. v. York School District*, 400 Pa. 391, 162 A.2d 623 (1960); *Ogden Foods, Inc. v. State Farm Products Show Commission*, 11 Pa. Commonwealth Ct. 435, 315 A.2d 329 (1974). Although those statutory provisions requiring competitive bidding give the public in a taxpayer's suit the right to demand that the lowest responsible bidder be awarded the contract, such provisions do not vest a cause of action for breach of damages in the lowest bidder.[3] *Lutz Appellate Printers v. Commonwealth, Department of Property and Supplies*, 472 Pa. 28, 370 A.2d 1210 (1977).

---

[2] Under Section 1802 of the First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended*, 43 P.S. §56802, first class townships including Bristol Township have a statutory obligation to award its public contracts to the lowest responsible bidder:

    (b) In every instance in which any contract for public work, construction, materials, supplies, or other matters or things for any township shall be awarded upon competitive bids, it shall be the duty of the authorities authorizing the same *to award the contract to* the lowest responsible bidder.

[3] Disappointed bidders who are also taxpayers may challenge public contract awards. *See, e.g., Lasday v. Allegheny County*, 499 Pa. 434, 453 A.2d 949 (1982); *American Totalisator Co. v. Seligman*, 489 Pa. 568, 414 A.2d 1037 (1980). Mascaro averred in its complaint that it is a Pennsylvania corporation with its registered office at Lower and Wile Roads, Souderton, Montgomery County, Pennsylvania. Thus, Mascaro has no standing as a taxpayer to challenge Bristol Township's (Bucks County) contract award.

Mascaro relies upon a federal court decision to support its claim of entitlement. *Three Rivers Cablevision v. City of Pittsburgh,* 502 F. Supp. 1118 (W.D. Pa. 1980) held that a bidder for a municipal contract in Pennsylvania who submits a conforming bid pursuant to requirements that the lowest responsible bid be accepted acquires a property interest protected by the Fourteenth Amendment. The process due was defined in *Three Rivers* as "the non-arbitrary exercise by the city of its discretion in making the award." 502 F. Supp. at 1131. The Eastern District Court reached a contrary conclusion in *J. P. Mascaro & Sons, Inc. v. Township of Bristol,* 497 F. Supp. 625 (1980). *Mascaro* held that a disappointed bidder had "no claim of entitlement to a public contract based on the requirement that the contract be awarded to the lowest responsible bidder, since in Pennsylvania, that requirement is solely for the protection of the taxpayers." 497 F. Supp. at 627. *ARA Services,* the most recent federal court decision on the issue, deigned to follow *Mascaro* rather then *Three Rivers* stating that the *Three Rivers* decision and its progeny[4] gave inadequate consideration to Pennsylvania's long-standing refusal to recognize a property interest, or injury, on the part of a bidder who fails to receive a municipal contract. Thus, the *ARA Services* court dismissed the due process claims of the plaintiff.

We hold, therefore, that Mascaro has no standing to assert violations of its due process rights under either the federal or state constitutions as it has no legitimate claim of entitlement to the Township's contract and that his complaint was properly dismissed.[5]

---

[4] *Teleprompter of Erie, Inc. v. City of Erie,* 537 F.Supp. 6 (W.D. Pa. 1981) and 567 F.Supp. 1277 (W.D. Pa. 1983).

[5] Similarly, Mascaro may not appeal under the Local Agency Law since only persons aggrieved by an adjudication of a local agency who have a direct interest in the adjudication have a right

Accordingly, the court of common pleas will be affirmed.

ORDER

AND Now, this 4th day of March, 1986, the order of the Bucks County Court of Common Pleas is hereby affirmed.

to appeal therefrom. Section 752 of the Local Agency Law, 2 Pa. C. S. §752. "Adjudication" is defined at 2 Pa. C. S. §101, as any decision affecting personal or property rights of parties to the proceeding in which the adjudication was made. It is clear from the above discussion that no property rights of Mascaro's were affected when the decision to award the contract to Penn Sanitation was made; thus, Mascaro is not a "person aggrieved" by the decision and has no standing to appeal under the Local Agency Law.