614 A.2d 328

**C.O. FALTER CONSTRUCTION CORPORATION, Appellant,**

v.

**TOWANDA MUNICIPAL AUTHORITY and McCrossin, Inc., Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 9, 1992.

Decided June 19, 1992.

Publication Ordered Sept. 22, 1992.

Gregory B. Abeln, for appellant.

William M. Janssen and James A. Pruyne, for appellee Towanda Mun. Authority.

Michael E. Koll, for appellee McCrossin, Inc.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

C.O. Falter Construction Corporation (Falter), a disappointed bidder on a construction contract for modification of the Borough of Towanda's wastewater treatment plant, appeals the decision of the Court of Common Pleas of Bradford County, sustaining preliminary objections to Falter's suit in law and in equity seeking mandamus and injunctive relief. Falter sought to restrain the Towanda Municipal Authority from awarding the contract to the successful bidder and to compel the award to Falter. The Bradford County Court of Common Pleas dismissed the suit, concluding that Falter was not a taxpayer in the jurisdiction awarding the contract and therefore lacked standing, that Falter failed to exhaust administrative remedies and that the relief sought would be inappropriate. We affirm.[1]

The contract on which Falter bid was funded in part by the federal Environmental Protection Agency (EPA) and by a loan from the Pennsylvania Infrastructure Investment Authority (PennVest), a state authority. Although the lowest bidder, Falter's proposal failed to meet certain bid specifications and the contract was awarded to the second lowest bidder, G.M. McCrossin, Inc. (McCrossin). Falter notified the Towanda Municipal Authority (Authority) of its objections and, subsequently, submitted a written protest to EPA. EPA denied the protest. Rather than appealing the EPA decision, Falter filed complaints in equity and mandamus against the Authority and McCrossin in the Bradford County Court of Common Pleas to

---

1. Because we decide the case on the issue of standing, we do not reach the other issues.

which the Authority filed preliminary objections. After amendments to the complaints and revisions to the preliminary objections the Bradford County Court of Common Pleas heard oral arguments on August 12, 1991. On August 30, 1991 the court issued its Opinion and Order sustaining the preliminary objections and dismissing the complaints, amended complaints and petition for preliminary injunction.

Although not a taxpayer of the Borough of Towanda, Falter does business in Pennsylvania and pays both Pennsylvania and federal taxes. Falter argues that since it is both a Pennsylvania and a federal taxpayer and the source of a portion of the project's funds is state and federal money, it should have taxpayer standing to challenge the Authority's contract award. The Authority argues that a disappointed bidder lacks standing to contest the contract award unless it can contest the award as a taxpayer and that Falter does not have taxpayer standing because the nexus between Falter's payment of federal and state taxes and the award of the contract is insufficient to afford taxpayer standing. We agree.

The critical issue in this case is whether one who pays state and federal taxes has standing to bring a taxpayer suit against a municipal authority on the award of a public contract which is partially funded with state and federal monies.

In Pennsylvania, a taxpayer of a contracting jurisdiction who is also a disappointed bidder has standing to enjoin the award of a public contract. *American Totalisator Company v. Seligman,* 489 Pa. 568, 414 A.2d 1037 (1980) (*AmTote* ). However, the action is that of the taxpayer, not of the disappointed bidder. *Lutz Appellate Printers v. Department of Property and Supplies,* 472 Pa. 28, 33, 370 A.2d 1210, 1212 (1977). A disappointed bidder who is not a taxpayer in the contracting jurisdiction does not have standing to challenge the award of a public contract. *Mascaro and Sons, Inc. v. Township of Bristol,* 95 Pa.Commonwealth Ct. 376, 380 n. 3, 505 A.2d 1071, 1073 n. 3 (1976).

We relied on *Mascaro* to support our holding in *The General Crushed Stone Company v. Caernarvon Township,* 146

Pa.Commonwealth Ct. 306, 605 A.2d 472 (1992), a factual situation similar to the one here. In *General Crushed Stone,* we held that a disappointed bidder did not have taxpayer standing to challenge the award of a township contract where it was not a taxpayer of the township. In that case, the disappointed bidder/appellant, like Falter here, did not contend that it was a township taxpayer; rather, it argued that it had taxpayer standing because it paid the liquid fuels tax, which comprised funding for 60% of the township's project. We determined that these facts did not establish standing because appellant had no greater interest in the liquid fuels tax than any other individual who purchased gasoline. Therefore, we concluded that appellant did not meet the general test for taxpayer standing set forth in *William Penn Parking Garage v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975). We said in *General Crushed Stone,* "[e]ven though the funding of the contract at issue in *Mascaro* was unclear, our court concluded that *Mascaro* had to pay taxes in Bucks County in order to have taxpayer standing.... We find *Mascaro* to be analogous to the case *sub judice* because *Mascaro* stands for the proposition that a taxpayer whose funds are not at stake has no standing." *General Crushed Stone,* 146 Pa.Commonwealth Ct. at 311–312, 605 A.2d at 474. Because General Crushed Stone did not establish a "substantial, direct and immediate interest ... [and because General Crushed Stone] did not have a greater interest or injury than any other taxpayer with regard to the contract at issue," we determined that it did not have taxpayer standing to challenge the award of the township contract. *Id.* 146 Pa.Commonwealth at 310, 605 A.2d at 473–74, citations omitted. Similarly, in this case, Falter's payment of Pennsylvania taxes does not make its interest distinct from that of an ordinary taxpayer.

If Falter's position as a disappointed bidder is omitted from the picture, we see that the prospective injury to Falter, a state and federal taxpayer, from the use of state or federal monies to partially fund the modifications to the Towanda wastewater treatment plant lacks the direct, immediate and substantial interest and the causal connection necessary to

provide standing. This conclusion is consistent with our Supreme Court's holdings in *William Penn* that "the possibility that an interest will suffice to confer standing grows less as the causal connection grows more remote[,]" *id.* 464 Pa. at 197, 346 A.2d at 283, and in *Application of Biester,* 487 Pa. 438, 409 A.2d 848 (1979), that a taxpayer's interest in the summoning of a multi-county investigating grand jury having statewide jurisdiction was insufficient to permit taxpayer intervention.

In the absence of special circumstances, ... and in the absence of an effect on the amount of tax paid by the plaintiff-taxpayer, ... the prevention of a waste of tax revenue has been correctly held to be an interest which is not immediate because the detriment to the taxpayer is too remote since he is not directly or specially affected by the loss.... The prevention of a waste of tax revenue, under the circumstances presented, is merely the same interest all citizens have in having others comply with the law or the constitution....

*Id.* at 444, 409 A.2d at 851 (citations omitted).

Although our Supreme Court has "struggled with the concept of standing as it affects the right of a taxpayer to maintain a suit against a public body[,]" *Faden v. Philadelphia Housing Authority,* 424 Pa. 273, 278, 227 A.2d 619, 621 (1967), *William Penn, Biester* and their progeny have developed a restrictive standard with narrow exceptions. For a taxpayer to be granted standing to contest a government action, *Biester* requires that the taxpayer "allege and prove an interest in the outcome of the suit which surpasses 'the common interest of all taxpaying citizens in procuring obedience to the law.'" *Id.* 487 Pa. at 442, 409 A.2d at 851. In taxpayer suits this requirement may be relaxed to grant standing where there are no other persons better suited to assert a claim. *Biester* at 444, 409 A.2d at 852.[2]

**2.** The concept of taxpayer standing is not static. For instance, in *Price v. Philadelphia Parking Authority,* 422 Pa. 317, 326, 221 A.2d 138, 143–44 (1966), at a time when concepts of standing were expanding, the Pennsylvania Supreme Court reiterated what it perceived to be a "well-settled rule that a taxpayer may seek to enjoin the wrongful or unlawful expenditure of public funds even though he is unable to establish any

Certain cases exist which grant standing to taxpayers where their interest arguably does not meet the requirements of *Wm. Penn.*, supra. The relaxing of those requirements in those cases or, more appropriately, the granting of standing where the degree of causal connection between the action complained of and the injury alleged is small, can be explained by the policy behind granting taxpayer standing. . . .

As Mr. Justice Roberts pointed out over ten years ago in *Faden v. Phila. Housing Auth.*, 424 Pa. 273, 278, 227 A.2d 619, 621–622 (1967):

"[A]lthough many reasons have been advanced for granting standing to taxpayers, the fundamental reason for granting standing is simply that otherwise a large body of governmental activity would go unchallenged in the courts."

*Biester* 487 Pa. at 444, 409 A.2d at 852.[3]

■ A mere disappointed bidder on a public contract does not have standing to challenge the contract award unless he is also an aggrieved taxpayer who has a substantial, direct or immediate interest in the contract award which interest is greater than that of the common taxpayer. Furthermore, standing will not be conferred where the causal connection between the action complained of (the award of the contract) and the injury to the taxpayer (the payment of tax) is too

injury other than to his interest as a taxpayer." This liberal interpretation of standing was overruled by *Biester* which then "carved out a narrow exception" summarized in *Consumer Party of Pennsylvania v. Commonwealth*, 510 Pa. 158, 168, 507 A.2d 323, 328 (1986).

**3.** In *Consumer Party of Pennsylvania* at 170, 507 A.2d at 329 our Supreme Court summarized *Beister's* discussion of exceptions to the strict rule of standing:
   1. the governmental action would otherwise go unchallenged;
   2. those directly and immediately affected by the complained of expenditures are beneficially affected and not inclined to challenge the action;
   3. judicial relief is appropriate;
   4. redress through other channels is unavailable; and
   5. no other persons are better suited to assert the claim.
The taxpayer seeking standing must show that all applicable factors are present.

remote. *William Penn.* A corollary to this rule is that standing may be granted to taxpayers who are best suited to challenge a governmental action which would otherwise go unchallenged.

■ Falter, as a mere disappointed bidder who is a federal or state taxpayer, is not an aggrieved taxpayer in the municipality benefitting from the contract and does not have a substantial, direct or immediate interest in the contract which is even equal to let alone greater than municipal taxpayers. Thus, we hold that Falter has no standing to challenge the Authority's award to McCrossin.

Accordingly, the order of the Court of Common Pleas of Bradford County sustaining preliminary objections and dismissing the action is affirmed.

### ORDER

AND NOW, this 19th day of June, 1992, the order of the Court of Common Pleas of Bradford County, dated August 30, 1991, is affirmed.