**Don R. EWY and Ann B. Ewy, Plaintiffs–Appellees,**

**v.**

**Robert B. STURTEVANT, in his personal capacity and in his official capacity as a Colorado State Forest Service Forester; Paul Janzen, in his personal capacity and in his official capacity as a Colorado State Forest Service Forester; Terry Wattles, in his personal capacity and in his official capacity as a Colorado State Forest Service Forester; and Thomas Ostermann, in his personal capacity and in his official capacity as a Colorado State Forest Service Supervisor, Defendants–Appellants.**

No. 96CA2083.

Colorado Court of Appeals, Div. I.

May 14, 1998.

As Modified on the Denial of Rehearing June 25, 1998.

Richard F. Zier, Fort Collins, for Plaintiffs–Appellees.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Gregg E. Kay, First Assistant Attorney General, William E. Thro, Assistant Attorney General, Denver, for Defendants–Appellants.

Opinion by Judge ROY.

Defendants, Robert B. Sturtevant, Paul Janzen, Terry Wattles, and Thomas Ostermann, bring this appeal from the denial of their motion to dismiss the claims under 42 U.S.C. § 1983 (1994) brought against them individually by plaintiffs, Don R. and Ann B. Ewy. We reverse and remand with directions to dismiss the complaint.

According to the complaint, plaintiff Don Ewy is a sole proprietor of a timber cutting business which regularly bids on timber sales on state lands in Jackson County, Colorado. The sales are administered by defendants, who are foresters employed by the Colorado State Forest Service. Ann B. Ewy is the spouse of Don Ewy.

The Colorado State Forest Service, acting through defendants, lets bids for the sale of timber and requires successful bidders to enter into a standardized contract which requires that tree stumps be cut to a certain height and that slash from the timber cutting operations be disposed of in a specified manner.

Plaintiffs alleged that on at least four occasions in which a competitor was the successful bidder, the competitor was excused from the contract requirements relating to tree stump height and disposal of slash while plaintiffs were required strictly to comply with those requirements when their business was the contractor. The complaint further alleges that a contract which should have been let for bidding was awarded to the competitor without competitive bidding.

Contracts are awarded to the highest bidder. Therefore, the failure to enforce a contract provision would, presumably, reduce the cost of harvesting the timber with a concomitant increase in profit. In addition, the enforcement of the contract provisions on plaintiffs increases the time it takes to comply with the contract and reduces plaintiffs' ability to bid on other contracts. It is apparently this latter inequity of which plaintiffs complain.

Plaintiffs commenced this action pursuant to 42 U.S.C. § 1983, asserting that defendants' conduct violated constitutional guarantees of procedural and substantive due process and equal protection. Defendants moved to dismiss plaintiffs' complaint asserting, *inter alia*, that plaintiffs failed to state a claim for relief under § 1983, and that plaintiffs' claims were barred by the doctrine of qualified immunity.

The trial court summarily denied the motion, and defendants challenge that ruling in this appeal. We agree with defendants that their motion should have been granted.

We note initially that, although normally a denial of a motion to dismiss is not a final appealable order, because defendants asserted the defense of qualified immunity and that defense turns on questions of law, we have jurisdiction to hear the appeal. *See City of Lakewood v. Brace,* 919 P.2d 231 (Colo.1996) (defendant in § 1983 case may bring interlocutory appeal of denial of summary judgment based on qualified immunity so long as denial was based on question of law); *see also Furlong v. Gardner,* 956 P.2d 545 (Colo.1998)(reaffirming earlier holding in *Brace,* despite holding in *Johnson v. Fankell,* 520 U.S. 911, 117 S.Ct. 1800, 138 L.Ed.2d 108 (1997) that a defendant in a state court § 1983 case did not have a federal right to an

interlocutory appeal from a denial of qualified immunity).

For the purpose of assessing whether the trial court properly ruled on the motion to dismiss, the allegations of the complaint must be viewed in the light most favorable to the plaintiffs. *Dunlap v. Colorado Springs Cablevision, Inc.*, 829 P.2d 1286 (Colo.1992). Dismissal is not warranted unless it is beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief. *Davidson v. Dill*, 180 Colo. 123, 503 P.2d 157 (1972). A complaint may not be dismissed if its allegations support relief on any possible theory. *Henderson v. Gunther*, 931 P.2d 1150 (Colo.1997).

In actions premised on § 1983, government officials sued in their individual capacity, and performing discretionary, non-ministerial functions, are entitled to immunity from liability for damages under § 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *City of Lakewood v. Brace, supra; see also Conde v. Colorado State Department of Personnel*, 872 P.2d 1381 (Colo.App.1994). Such entitlement to immunity is immunity from suit, rather than a mere defense to liability. *See Moody v. Ungerer*, 885 P.2d 200 (Colo.1994); *Freedom from Religion Foundation, Inc. v. Romer*, 921 P.2d 84 (Colo.App.1996).

In determining the applicability of qualified immunity, the court need not decide whether specific actions of the officials were unconstitutional, but merely whether the conduct was so clearly unconstitutional that any reasonable person would have known that his or her actions violated plaintiffs' constitutional rights. *See City of Lakewood v. Brace, supra; National Camera, Inc. v. Sanchez*, 832 P.2d 960 (Colo.App.1991).

The unlawfulness of the conduct is objectively determined and must be apparent in light of pre-existing law. *City of Lakewood v. Brace, supra; see also Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523, 531 (1987) ("The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."); *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271, 278 (1986) (the objective reasonableness standard "provides ample protection to all but the plainly incompetent or those who knowingly violate the law").

Defendants assert that the complaint provides an insufficient basis for the claims that their alleged actions violated a clearly established constitutional right of plaintiffs. Plaintiffs, however, maintain that they have a sufficient property interest in the administration of the timber contracts such that they were denied a substantive due process right by the defendants' administration of a competitor's contract. In addition, plaintiffs assert that the defendants awarded a contract to the competitor without letting the contract for bidding, and thereby violated plaintiffs' clearly established procedural due process rights. Further, plaintiffs argue that defendants' unequal administration of identical contracts violated their right to equal protection under the law. We agree with defendants.

I.

A "property" interest is protected by the due process clause, and such an interest has been defined as follows:

To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

*Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972).

In a companion case, the Supreme Court further stated:

We have made clear in *Roth* ... that 'property' interests subject to procedural due process protection are not limited by a few rigid, technical forms. Rather, 'property' denotes a broad range of interests that are secured by 'existing rules or understandings.' ... A person's interest in a

benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing.

*Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570, 580 (1972).

The inquiry to be undertaken is twofold. First, a court must determine whether the interest asserted by plaintiffs is a substantive interest protected by the due process clause, and second, if the interest was protected, what process was due. *See Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

In the instant case, plaintiffs assert that they have a property interest that arises from defendants' award of the timber contracts. This interest arises for the most part, according to the plaintiffs, from their interest in the integrity of the bidding process itself.

■ The public bidding process, however, is for the protection of the public, not the bidders. Bidders, as bidders, have no standing to challenge the propriety of an award of a public contract to another bidder. *L & M Enterprises, Inc. v. City of Golden,* 852 P.2d 1337 (Colo.App.1993); *see also C.O. Falter Construction Corp. v. Towanda Municipal Authority,* 149 Pa.Cmwlth. 74, 614 A.2d 328 (1992).

■ In order for a party to have standing, that party must be a real party in interest, or a party who, by virtue of substantive law, has a right to invoke the aid of the courts to vindicate a legal interest. C.R.C.P 17(a); *Miller v. Accelerated Bureau of Collections, Inc.,* 932 P.2d 824 (Colo.App.1996).

■ If a party lacks the standing to challenge the award of a contract, it logically follows that the same party lacks standing to challenge the administration of that contract, including whether such administration is stringent, lax, or inequitable. In addition, because the bidding procedure is to protect the taxpayer, the requirement that specified contracts be let for bid and the procedural requirements of the bidding process do not create or implement any due process rights in bidders, or prospective bidders.

■ To the extent that plaintiffs contend that they have a property interest in the administration of contracts awarded to others, they fail to allege any facts or law that would support such a property interest. *See Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) (property rights, although protected by the federal constitution, are generally created under state law); *see also ARA Services, Inc. v. School District,* 590 F.Supp. 622 (E.D.Pa.1984) (disappointed bidder did not have a protected property interest under Pennsylvania law).

Therefore, we conclude that plaintiffs failed to establish that defendants' alleged actions violated any clearly established constitutional right to substantive or procedural due process of law.

Hence, the trial court erred in denying defendants' motion to dismiss plaintiffs' procedural and substantive due process claims.

## II.

Equal protection guarantees ensure that persons similarly situated will receive like treatment under the law. *Harris v. The Ark,* 810 P.2d 226 (Colo.1991). In order to establish that a classification violates the equal protection provision of the federal constitution, the classification must arbitrarily single out a group of persons for disparate treatment and not so treat other persons who are similarly situated. *See Industrial Claim Appeals Office v. Romero,* 912 P.2d 62 (Colo. 1996).

■ Plaintiffs argue that defendants violated their rights to equal protection by inconsistently administering identical contracts in a manner which consistently favored plaintiffs' competitors. At best, plaintiffs have alleged that defendants' actions are unlawful under state law. Such conduct, however, does not constitute the invidious discrimination that clearly violates the equal protection clause. *See Beck v. Washington,* 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962).

In *Sundheim v. Board of County Commissioners,* 904 P.2d 1337, 1348 (Colo.App.1995),

a division of this court, in affirming the dismissal of a § 1983 equal protection claim under C.R.C.P 12(b)(5), stated:

> Departures from administrative procedures or policies, use of illegitimate criteria, and amorphous allegations of bias, bad faith, malice, conspiracy, and corruption do not amount ordinarily to a cognizable equal protection claim; a plaintiff must allege actions akin to actual corruption or a bad faith intent to injure based upon personal hostility.

The conduct allegedly engaged in by the defendants here does not rise to, or satisfy, the criteria for an equal protection claim. In addition, plaintiffs agree that this case is one of first impression. Therefore, even if the defendants administered identical contracts in a discriminatory manner, they did not, without more, violate any clearly established equal protection right of the plaintiffs. Hence, this claim also should have been dismissed by the trial court.

The trial court's order is reversed and the cause is remanded with directions to dismiss plaintiffs' § 1983 claims against the defendants in their individual capacities, without prejudice.

METZGER and DAVIDSON, JJ., concur.