Rick NUNEMACHER (Project Superintendent for Shore Slurry Seal, Inc.)

v.

BOROUGH OF MIDDLETOWN
and E.J. Breneman, Inc.
(Four Cases).

E.J. Breneman, Inc., Appellant
(Two Cases).

Borough of Middletown, Appellant
(Two Cases).

Commonwealth Court of Pennsylvania.

Argued April 13, 2000.

Decided Sept. 8, 2000.

58

Stanley J. Burke, Reading, for appellant, E.J. Breneman.

John B. Zonarich, Harrisburg, for appellee, Borough of Middletown.

Darren H. Goldstein, Voorhees, NJ, for appellee, Rick Nunemacher.

BEFORE: SMITH, Judge, KELLEY, Judge, McCLOSKEY, Senior Judge.

KELLEY, Judge.

In these consolidated appeals, Appellant Borough of Middletown (Borough) and Appellant E.J. Breneman, Inc. (Breneman) (collectively, Appellants) appeal from two separate orders of the Court of Common Pleas of Dauphin County (trial court). The trial court's order of June 8, 1999 granted Appellee Rick Nunemacher's (Nunemacher) petition for preliminary injunction and held, in relevant part, that Nunemacher had standing to bring the actions at issue. The trial court's order of September 10, 1999 held, *inter alia,* that the trial court's June 8, 1999 order was final and appealable. We vacate both orders, and remand for dismissal.

In February 1999, Borough solicited bids for a roadway improvement project (Project). Breneman and Shore Slurry Seal, Inc. (Shore) both bid on a portion of the Project. When the bids were opened by Borough on March 1, 1999, Shore had submitted a slightly lower bid. Borough, however, subsequently decided that Shore, which had not submitted a requested list of successfully completed projects within a three county area, could not be considered a responsible bidder pursuant to Section 1402 of the Borough Code.[1] Accordingly, Borough awarded the contract for that portion of the Project to Breneman. Shore was awarded a separate, smaller contract for a different portion of the Project on which Shore was also low bidder.

On April 12, 1999, Nunemacher, who is a project supervisor for Shore, simultaneously filed and presented to the trial court a complaint in equity (complaint) together with a petition for preliminary injunction and mandamus (petition) against Borough and Breneman. The complaint and petition requested that Breneman immediately cease any and all work under the contract for the Project, that the contract award be vacated, and that Borough be compelled to award the contract for the Project to Shore. Upon receipt of the complaint and petition, the Honorable Lawrence F. Clark, Jr. scheduled an in-chambers conference for that same day at 3:00 p.m. That conference was attended by Borough and Nunemacher. Counsel for Breneman did not attend. During the conference, Borough agreed to refrain from moving forward under the contract with Breneman until resolution of the petition.

On April 23, 1999, Borough filed preliminary objections to the complaint. On May 14, 1999, Breneman filed preliminary objections to the complaint. Both Borough and Breneman asserted, in part relevant to the disposition of the instant appeal, that Nunemacher was a disappointed bidder who was not a taxpayer of the contracting municipality, and that therefore Nunemacher lacked standing to bring his actions. On June 8, 1999, the trial court entered a memorandum and order granting the preliminary injunction, holding that Nunemacher had standing, declaring the contract awarded to Breneman null and void, and further ordering Borough to re-advertise and re-let the contract. The trial court issued a ten-page memorandum addressing Borough's and Breneman's defenses and objections in opposition to the petition.

On July 2, 1999, Borough and Breneman filed a joint motion to strike off judgment in regard to the June 8, 1999 order. On July 7, 1999, Borough and Breneman filed respective notices of appeal to Commonwealth Court from the June 8, 1999 order.

On August 12, 1999, the trial court issued an order scheduling argument on the outstanding issues for September 8, 1999. Following argument, the trial court entered an order on September 10, 1999 holding that the trial court's previous June 8, 1999 order was entered pursuant to Pa.R.A.P. 311(a)(4)(i), and was final and appealable.[2] The trial court also held that when it received Breneman's and Borough's notices of appeal to Commonwealth Court, on July 6, 1999, it no longer had jurisdiction to entertain this matter. The trial court did not address the preliminary objections or the joint motion.

Borough and Breneman thereafter filed respective notices of appeal to Common-

---

1. Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. § 46402 (regulating the awarding and formation of contracts by Municipal and Quasi-municipal Corporations).

2. Rule 311. Interlocutory Appeals as of Right (a) General Rule. An appeal may be taken as of right and without reference to Pa. R.A.P. 341(c) from: . . .

(4) *Injunctions.* An order granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . A decree nisi granting or denying an injunction is not appealable as of right under this rule, unless the decree nisi (i) grants an injunction effective upon the entry of a decree nisi . . .

wealth Court regarding the September 10, 1999 order.

### June 8, 1999 Order of the Trial Court.

On appeal, Borough and Breneman assert, regarding the June 8, 1999 order, that:

1. the trial court erred in failing to deny the petition for preliminary injunction, and in failing to dismiss Nunemacher's actions, due to Nunemacher's lack of standing;

2. the trial court erred in failing to deny the petition for preliminary injunction where Nunemacher's rights were not clear and free from doubt;

3. the trial court erred in reviewing a discretionary municipal action in the absence of facts showing fraud, collusion, bad faith or arbitrary action equating to an abuse of discretion;

4. the trial court erred in failing to give notice and conduct an evidentiary hearing pursuant to Pa.R.C.P. No. 1531, thereby denying Appellants their due process rights, and;

5. the trial court erred in entering an order on the merits, and not on the petition for preliminary injunction, as a basis for a final decree, thereby denying Appellants their due process rights.[3]

■■■ We will first address Appellants' contention that the trial court, in its June 8, 1999 order, erred in holding that Nunemacher had standing to bring his actions.[4]

■■■ Nunemacher asserts that the Commonwealth of Pennsylvania directly provided at least a portion of the funds for the Project, and that Nunemacher's status as a resident and taxpayer of the Commonwealth affords him standing. The trial court, in addressing this argument, wrote:

> In reference to [Appellants'] objection to [Nunemacher's] standing, this Court finds that regardless of whether Nunemacher is a taxpayer in the Borough of Middletown, he is a taxpayer of the Commonwealth of Pennsylvania, and an employee of Shore Slurry.

Trial court opinion at 9. While the trial court did not appear to specifically grant Nunemacher standing as an aggrieved taxpayer, its emphasis on Nunemacher's status as an employee of the disappointed bidder and as a taxpayer of the Commonwealth is misplaced, and an error of law.[5] Our careful review of taxpayer standing precedent reveals that Nunemacher's argument must fail, and that he does not have standing to challenge Borough's award of the contract at issue under the facts shown in the record.

Our Supreme Court has clearly articulated the requirements for taxpayer standing in the seminal case of *In re Application of Biester*, 487 Pa. 438, 409 A.2d 848 (1979). In *Biester*, a Commonwealth tax-

---

**3.** We note that Appellants' statements of questions involved have been consolidated and reordered in the interest of clarity.

**4.** This Court's scope of review in an appeal from a decree granting or denying a preliminary injunction is to determine if there existed any reasonable grounds for the action of the court below. *James T. O'Hara, Inc. v. Borough of Moosic*, 148 Pa.Cmwlth. 535, 611 A.2d 1332 (1992). This Court's standard of review in an appeal from the grant or denial of a preliminary injunction is to determine whether there are any reasonable grounds for the trial court's decision or whether the rule of law relied on was erroneous or misapplied. *Stapleton v. Berks County*, 140 Pa.Cmwlth. 523, 593 A.2d 1323 (1991), *petition for allow-*

*ance of appeal denied*, 529 Pa. 660, 604 A.2d 251 (1992).

**5.** We note that Nunemacher asserts that he has brought this action as a taxpayer, and not as a disappointed bidder. A disappointed bidder on a public contract has suffered no injury entitling the bidder to redress in court, and therefore lacks standing to bring such an action. *O'Hara v. Borough of Moosic*, 148 Pa. Cmwlth. 535, 611 A.2d 1332 (1992). However, a taxpayer of the municipality awarding a public contract does have standing to challenge an award of a public contract, notwithstanding that taxpayer's status as a disappointed bidder. *Id.* Nunemacher is neither a resident, nor a taxpayer, of Borough.

payer challenged an allegedly unlawful and unconstitutional statewide expenditure of tax revenues. The Supreme Court addressed that plaintiff's standing, holding:

> A plaintiff, to meet [the requirements of standing], must allege and prove an interest in the outcome of a suit which surpasses the common interest of all citizens in procuring obedience to the law ... To surpass the common interest, the interest is required to be, at least, substantial, direct, and immediate ... The prevention of a waste of tax revenue has been correctly held to be an interest which is not immediate because the detriment to the taxpayer is too remote since he is not directly or specifically affected by the loss ... [That interest] is merely the same interest all citizens have in having others comply with the law or the constitution.

*Id.*, 487 Pa. at 442–3, 409 A.2d at 851 (citations omitted). In interpreting *Biester* and its progeny, this Court has consistently held that taxpayers of the Commonwealth, who are not taxpayers of a local municipality awarding a municipal contract, have no standing to challenge the award of that contract by the municipality, absent the narrow exception provided for in *Biester*, and discussed below. *Accord Falter Construction Corp. v. Towanda Municipal Authority*, 149 Pa.Cmwlth. 74, 614 A.2d 328 (1992) (Commonwealth taxpayer does not have standing to challenge the award of a municipal contract by local Borough to the second lowest bidder, where contract was completely funded by Commonwealth and Federal money, and taxpayer is not a taxpayer of Borough awarding the contract); *James T. O'Hara, Inc. v. Borough of Moosic*, 148 Pa.Cmwlth. 535, 611 A.2d 1332 (1992) (Commonwealth taxpayer, who was not a taxpayer of contracting municipality, lacked standing to challenge the award of a municipal contract awarded by local Borough, but financed completely by Commonwealth loan to Borough in the form of bonds repayable by Borough taxpayers); *General Crushed Stone Co. v. Caernarvon Township*, 146 Pa.Cmwlth. 306, 605 A.2d 472 (1992) (taxpayer challenging a Township contract award to the second lowest bidder, where the contract was to be funded 60% by Commonwealth funds and 40% by Township funds, lacked standing where taxpayer was a taxpayer of the Commonwealth but not of the contracting municipality); *Mascaro & Sons, Inc. v. Township of Bristol*, 95 Pa.Cmwlth. 376, 505 A.2d 1071 (1986) (Commonwealth taxpayer who is not a taxpayer of contracting municipality lacked standing to challenge municipality's award of waste disposal and removal contract).

Conversely, the cases in which the Courts have found taxpayers to have standing are instances in which the taxpayer was a taxpayer of the municipality awarding the contract, and not merely a general Commonwealth taxpayer. *See American Totalisator Co. v. Seligman*, 489 Pa. 568, 414 A.2d 1037 (1980) (taxpayer of jurisdiction awarding a municipal contract has standing to challenge that municipality's award of a contract to any party other than the lowest responsible bidder); *Rainey v. Derry*, 163 Pa.Cmwlth. 606, 641 A.2d 698 (1994) (taxpayers have standing, notwithstanding status as disappointed bidders, where they are taxpayers of the contracting Borough and Borough is alleged to have not awarded contract to lowest responsible bidder).

Our review of our prior case law does reveal a case, cited by Nunemacher, in which a general Commonwealth taxpayer was found to have standing to challenge an award of a contract funded by Commonwealth funds. In *Facchiano v. Pennsylvania Turnpike Commission*, 153 Pa. Cmwlth. 138, 621 A.2d 1058 (1993), this Court did hold that a Commonwealth taxpayer had standing to challenge the Turnpike Commission's award of a contract to a party other than the lowest responsible bidder. In *Facchiano*, however, there existed an additional nexus between the plaintiff and the contracting authority that

we held stood as analogous to the municipality taxpayer relationship. The subject of the contract in *Facchiano* was Turnpike bridge reconstruction, and we held in that case that the plaintiff, as a toll payer who used the Turnpike, suffered the same effect in the Commission's failure to award the contract to the lowest bidder as would a municipal taxpayer challenging the award of a municipal contract.[6] Such a nexus is not present in the instant case, and *Facchiano* is therefore distinguishable.

In the instant case, Nunemacher does not dispute that he is not a taxpayer or resident of Borough. Solely as a taxpayer of the Commonwealth, therefore, Nunemacher lacks standing to challenge Borough's award of the contract at issue under the general rule of *Biester*, and under our prior cases applying that rule. Our precedents make clear that such general taxpayer standing does not exist, notwithstanding the extent of Commonwealth funds contributed towards the local project.

Nunemacher next asserts that, because he is an employee of the disappointed bidder whose low bid was not accepted by Borough, he has a substantial, direct, and immediate connection to Borough's failure to award the contract in that Nunemacher's very livelihood depends on his employer being awarded contracts on which the employer is the lowest responsible bidder. This rhetoric does perform a clever dance around our established case law holding that a disappointed bidder on a public contract has suffered no injury which entitles him to redress in court. *See, e.g.,* *O'Hara; Mascaro.* Such an interest, how-ever, standing alone, is the same interest held by every employee of every disappointed bidder to a municipal contract. An interest in pursuing one's livelihood, when defined as dependant upon the award of a municipal contract, rests on the implication that the lowest bidder has some legitimate claim of entitlement to a municipal contract. Such a claim of entitlement has been expressly rejected by this Court, even when the municipal authority has a statutory duty to award the contract to the lowest responsible bidder. *Mascaro,* 505 A.2d at 1074. Nunemacher's argument on this point is substantively identical to that of any disappointed bidder, and must fail in light of our well-established case law denying standing to disappointed bidders petitioning the court on that basis alone. *See O'Hara; Mascaro.*

■■■■ We next address the trial court's finding that, notwithstanding his standing as a taxpayer, Nunemacher has standing in the instant matter pursuant to the exception articulated in *Biester* whereby a taxpayer without a substantial, direct, and immediate interest may have standing where judicial review otherwise would not occur. To establish such standing, a taxpayer must show:

1. the government action would otherwise go unchallenged;

2. those directly and immediately affected by the complained of expenditures are beneficially affected and not inclined to challenge the action;

3. judicial relief is appropriate;

---

6. We also note that *Facchiano* relied upon the Supreme Court's reasoning in *Faden v. Philadelphia Housing Authority,* 424 Pa. 273, 227 A.2d 619 (1967). While *Faden* was cited approvingly by the Supreme Court in *Biester,* it was cited within the context of *Biester*'s formulation of an exception to the general rule that a Commonwealth taxpayer lacked standing to challenge an award of a contract absent status as a taxpayer of the contracting municipality. *Id.,* 487 Pa. at 445, 409 A.2d at 852. *Faden* does at first glance appear to stand for the proposition that a taxpayer always has standing to maintain an action if he is a general taxpayer of the Commonwealth, if the Commonwealth has created an Authority that awarded a municipal contract. We decline, however, to extend that rationale to the facts of the instant case and thereby find standing where a Commonwealth taxpayer challenges an award of a locally awarded contract, regardless of the degree of involvement of general Commonwealth funds in relation to the degree of purely municipal funds.

4. redress through other channels is unavailable, and;

5. no other persons are better situated to assert the claim.

*Biester,* 487 Pa. at 443–4, 409 A.2d at 851–2. In finding that Nunemacher had standing under this analysis, the trial court wrote:

> Even if Nunemacher did not satisfy some technical requirement for taxpayer standing, he would nonetheless have standing under the alternative rationale of *Rainey v. Borough of Derry,* 163 Pa. Cmwlth. 606, 611–13, 641 A.2d 698, 701 (1994).[1]
>
> Nunemacher has a substantial, direct and immediate interest in the award of the contract for the CRRB Project, which is greater than that of the common taxpayer since his income and livelihood will be directly affected by the failure to award the contract to Shore Slurry. This evidence is sufficient to grant the Plaintiff standing, and, accordingly, Nunemacher has standing to challenge [Borough's] failure to award the CRRB contract to the lowest bidder.

Trial court opinion at 9. The trial court, instead of applying the factors advanced in *Biester* and rearticulated in *Rainey,* found that Nunemacher's interest in his livelihood was substantial, direct, and immediate enough to warrant standing in the instant matter.[7] As we have already analyzed and rejected that argument above, we now move to an analysis of the *Biester* factors as they relate to this case.

We note at the outset of our examination of this issue that the *Biester* court specifically emphasized that an exception to a taxpayer's lack of standing "will most often occur when those directly and immediately affected by the complained of expenditures are beneficially affected as opposed to adversely affected." *Id.,* 487 Pa. at 445, 409 A.2d at 852. This is not the case in the instant matter. Aside from Breneman, those most directly and immediately affected by Borough's award of this contract to Breneman are the taxpayers of Borough, who stand to expend more of their tax dollars through Borough's award to Breneman than they would have had Borough awarded the contract to Shore. It is beyond dispute that those Borough taxpayers are not beneficially affected by Borough's award of the contract to a higher bidder, but are undeniably adversely affected by the expenditure of additional Borough funds. Additionally, it is those Borough taxpayers, and not Nunemacher, who are best situated to assert the instant claim that Borough did not award the contract properly or legally. Since Nunemacher cannot fulfill either of these factors of the narrow *Biester* taxpayer standing exception, it was error for the trial court to find that Nunemacher had standing to bring the instant action. As such, there were no reasonable grounds upon which the trial court could base its grant of the preliminary injunction. Further, the trial court erroneously applied the *Biester* exception to the instant facts of record by generally failing to apply any of the five factors of the exception, and by specifically failing to satisfy the two factors enumerated above. As we have written before, *Biester* and its progeny "have developed a restrictive standard with narrow exceptions." *Falter,* 614 A.2d at 331. Nunemacher has failed to meet that standard and its exceptions.

Our conclusion that Nunemacher is without standing in the instant case renders analysis of the remaining issues unnecessary.

### September 10, 1999 Order of the Trial Court

Additionally, our conclusion that Nunemacher is without standing in this case

---

7. We note that *Rainey* rearticulates the factors first advanced in *Biester* to establish a taxpayer standing exception. *Rainey* itself, however, is distinguishable from the instant case by one material fact: the plaintiffs in *Rainey* were taxpayers and residents of the Borough whose action the plaintiffs challenged. *Rainey,* 641 A.2d at 698.

renders Appellants' appeal of the trial court's September 10, 1999 order moot.

Accordingly, we vacate the trial court's orders and remand this matter back to the trial court for dismissal.

### *O R D E R*

AND NOW, this 8th day of September, 2000, the orders of the Court of Common Pleas of Dauphin County, at 5603 EQUITY, dated, respectively, June 8, 1999 and September 10, 1999, are vacated. This matter is further remanded to the Court Of Common Pleas of Dauphin County for dismissal with prejudice.

Jurisdiction relinquished.

Judge SMITH concurs in result only.