**BLACK ASH SERVICES, INC., a Pennsylvania Corporation, Appellant,**

v.

**DuBOIS AREA SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued Oct. 31, 2000.

Decided Dec. 18, 2000.

Publication Ordered Dec. 26, 2000.

Donald J. Balsley, Jr., Pittsburgh, for appellant.

Carl P. Beard, Altoona, for appellee.

Before FRIEDMAN, Judge, LEADBETTER, Judge, and LEDERER, Senior Judge.

FRIEDMAN, Judge.

Black Ash Services, Inc. (Black Ash), a disappointed bidder for a contract for asbestos removal at the DuBois Area Senior High School (High School), appeals from the April 10, 2000 order[1] of the Court of Common Pleas of Clearfield County (trial court), which granted DuBois Area School District's (School District) preliminary objections and dismissed Black Ash's complaint with prejudice. We affirm.

---

1. Judgment was entered on April 24, 2000.

In January 1999, the School District advertised for sealed bids for an asbestos abatement project at the High School that would involve the removal and disposal of floor tile and adhesive, transite tabletops, sinks, vent hoods, window panels and window caulking and glazing. The School District received nine sealed bids in response to the advertisement, and, at a public meeting on February 18, 1999, the School District opened and read the bid amounts aloud. Black Ash was the lowest bidder; however, following an investigation into the potential contractors, the School District voted unanimously to reject Black Ash's bid for the project at a public meeting on March 10, 1999. The School District awarded the contract in the amount of $75,850 to Advanced Ecological Service (AES), the contractor that the School District determined to be the lowest responsible bidder, as required by section 751 of the Public School Code.[2]

Black Ash filed a complaint with the trial court, alleging that the School District failed to conduct a full and careful investigation of Black Ash as a responsible bidder and that the School District did not have a substantial reason for rejecting Black Ash's bid in favor of AES's next lowest bid. Black Ash sought damages of $52,400, the amount it bid for the project, plus costs and attorneys' fees. The School District filed preliminary objections alleging that Black Ash lacked standing because it was not a taxpayer in the School

District, and, thus, had no cause of action. In response, Black Ash filed a motion to dismiss the School District's objections and to direct the School District to answer interrogatories. The trial court agreed with the School District and granted the School District's preliminary objections, dismissing Black Ash's complaint and motions.

■ On appeal,[3] Black Ash contends that it has standing to file the present action because it is a Pennsylvania taxpayer with a substantial, direct, and immediate interest in the School District's determination to hire another asbestos abatement contractor.[4] We disagree.

■ A mere disappointed bidder to a public contract does not have standing to challenge its award because he has no property interest and has suffered no injury that would entitle him to redress. *See Michael Facchiano Contracting, Inc. v. Pennsylvania Turnpike Commission,* 153 Pa.Cmwlth. 138, 621 A.2d 1058 (1993). To have standing, the bidder must be an aggrieved taxpayer of the municipality awarding the contract. As a taxpayer, the bidder has a cause of action to ensure that contracts are awarded to the lowest responsible bidder. *See Facchiano.* Therefore, the courts have found standing when the taxpayer is a taxpayer of the municipality awarding the contract, and not merely a general taxpayer of the Common-

2. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 7–751. That section provides:

> (a) All construction, reconstruction, repairs, maintenance or work of any nature ... upon any school building or upon any school property ... where the entire cost, value, or amount of such construction, reconstruction, repairs, maintenance or work, including labor and material, shall exceed ten thousand dollars ($10,000), shall be done under separate contracts to be entered into by such school district with the *lowest responsible bidder,* upon proper terms, after due public notice has been given asking for competitive bids....

24 P.S. § 7–751 (emphasis added).

3. Our scope of review of a trial court order sustaining preliminary objections and dis-

missing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. *Matta v. Burton,* 721 A.2d 1164 (Pa.Cmwlth.1998), *appeal discontinued,* 558 Pa. 612, 736 A.2d 606 (1999).

4. Black Ash also argues that the School District failed in its statutory duty to conduct a proper investigation into Black Ash's qualifications as a contractor and abused its discretion when it permitted the Solicitor, rather than a "professional adviser," to conduct an investigation. However, since the standing issue is dispositive in this case, we will not address the propriety of the investigation.

wealth. *See Nunemacher v. Borough of Middletown,* 759 A.2d 57 (Pa.Cmwlth. 2000). Accordingly, Black Ash lacks standing here.

█ In support of its argument to the contrary, Black Ash cites *American Totalisator Company, Inc. v. Seligman,* 489 Pa. 568, 414 A.2d 1037 (1980) (regarding a contract for the supply of equipment and technology to be used for the Daily Numbers Game operated by the Bureau of State Lotteries); *Lutz Appellate Printers, Inc. v. Commonwealth, Department of Property and Supplies,* 485 Pa. 559, 403 A.2d 530 (1979) (concerning a contract for the printing of legal briefs and records awarded by the Commonwealth's Department of Property and Supplies) and *Facchiano* (involving a contract for the reconstruction of two turnpike bridges awarded by the Pennsylvania Turnpike Commission), cases in which the plaintiffs had standing as Commonwealth taxpayers. However, each of those cases involved contracts for Commonwealth projects controlled by state departments. "[A] taxpayer has standing to sue if the [p]roject is being carried out by an entity created by a governmental body of which the plaintiff is a taxpayer." *Facchiano,* 621 A.2d at 1060. In contrast, the project here is being car-

ried out by the School District, and Black Ash does not argue that it is a resident or a taxpayer in the School District. As a result, Black Ash has no property interest, right to redress or standing under the general rule.[5]

█ Black Ash further argues that even if it is not a School District taxpayer, this injury has given rise to a "substantial, direct, and immediate interest," to satisfy the requirements of standing in *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975). However, Black Ash's argument recently was rejected in *Nunemacher.* In that case, an employee of a disappointed bidder, who was a resident and taxpayer of the Commonwealth but not of the borough awarding the contract at issue, argued he had standing to challenge the contract award because his income depended on the work, and, thus, he had a substantial, direct and immediate interest in the disappointed bidder's failure to obtain the contract. We disagreed, noting that this claim of financial injury was identical to that of any disappointed bidder.[6] The rationale in *Nunemacher* applies equally to Black Ash and defeats its argument.[7]

Accordingly, we affirm.

---

**5.** Black Ash relies on *Independent Enterprises, Inc. v. Pittsburgh Water and Sewer Authority,* 103 F.3d 1165 (3d Cir.1997), claiming that it has standing (1) because it was injured; (2) there was a causal connection between the injury and the challenged conduct, the award of the contract; and (3) the injury could be remedied through an award of damages. However, Black Ash's reliance on *Independent Enterprises* is misplaced. We note that because *Independent Enterprises* is a federal case, it is merely instructional and not controlling. As previously discussed, controlling Pennsylvania cases have refused to recognize a property interest or injury in a disappointed bidder who is not a taxpayer in the municipality funding the project. *See J.P. Mascaro & Sons, Inc. v. Township of Bristol,* 95 Pa. Cmwlth. 376, 505 A.2d 1071 (1986).

**6.** In *Nunemacher,* 759 A.2d at 62 (citations omitted), this court stated:
> Such an interest, however, standing alone, is the same interest held by every employee

of every disappointed bidder to a municipal contract. An interest in pursuing one's livelihood, when defined as dependent upon the award of a municipal contract, rests on the implication that the lowest bidder has some legitimate claim of entitlement to a municipal contract. Such a claim of entitlement has been expressly rejected by this Court, even when the municipal authority has a statutory duty to award the contract to the lowest responsible bidder. Nunemacher's argument on this point is substantively identical to that of any disappointed bidder, and must fail in light of our well-established case law denying standing to disappointed bidders petitioning the court on that basis alone.

**7.** Similarly, we apply *Nunemacher* to defeat Black Ash's right to standing under an exception to the general rule. A taxpayer who otherwise lacks standing is allowed to bring an action if the following factors are present:

## ORDER

AND NOW, this 18th day of December, 2000, the order of the Court of Common Pleas of Clearfield County, dated April 10, 2000, is hereby affirmed.

1. the government action would otherwise go unchallenged;
2. those directly and immediately affected by the complained of expenditures are beneficially affected and not inclined to challenge the action;
3. judicial relief is appropriate;
4. redress through other channels is unavailable, and;
5. no other persons are better situated to assert the claim.

*Nunemacher,* 759 A.2d at 62–63 (citing *In re Application of Biester,* 487 Pa. 438, 443–44, 409 A.2d 848, 851–52 (1979)). All five factors must be satisfied to grant standing. *See id.*

In *Nunemacher,* we held that the exception did not apply to grant standing to the employee of the disappointed lowest bidder because the award of the contract to the higher bidder adversely affected the Borough taxpayers. Thus, we observe that the second factor was not satisfied because the Borough taxpayers, not Nunemacher, were in the best position to assert the claim. As in *Nunemacher,* the School District's award of the asbestos removal contract to AES, the higher bidder, adversely, not beneficially, affects the taxpayers that reside in the School District, placing those taxpayers in the best position to assert the claim made by Black Ash.