**NATIONAL CONSTRUCTION SERVICES, INC.,**
**Appellant,**

**v.**

**PHILADELPHIA REGIONAL PORT AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 2001.

Decided Oct. 4, 2001.

Publication Ordered Nov. 28, 2001.

County (trial court) sustaining Philadelphia Regional Port Authority's (Port Authority) preliminary objections to a complaint filed by National contending that in failing to award it a project to construct a refrigerated facility, Port Authority breached a contract to award the project to the "lowest responsible bidder."

In February 1999, Port Authority solicited proposals for bids to design and build a 150,000 square-foot refrigerated facility to be operated at its Tioga Marine Terminal in Philadelphia. In connection with the solicitation of bids for the project, Port Authority issued an instruction list for bidders which included a general conditions section stating that bids would be awarded to the lowest responsible bidder, and reserving the right of Port Authority to reject any or all bids, in whole or in part, if it found it was within its best interest to do so. National, as well as other bidders, submitted a sealed bid for the project. After it opened the bids, by letter dated April 15, 1999, Port Authority informed National that it had awarded the contract for the project to another bidder having determined that bidder to be the most responsive one. The contract with the other bidder was subsequently executed and completed.

On August 24, 1999, four months after the contract had been awarded, National filed a petition for review with this Court in our original jurisdiction contending that Port Authority breached the terms of its solicitation proposal because it had not awarded the contract to the lowest responsible bidder and was liable to National for money damages. We determined that we lacked jurisdiction to hear the claim because the action was not against the Commonwealth agency and transferred the case to the trial court.

Mark C. Rifkin, Paoli, for appellant.

Kenneth M. Kolaski, Philadelphia, for appellee.

Before McGINLEY, Judge, PELLEGRINI, Judge and McCLOSKEY, Senior Judge.

PELLEGRINI, Judge.

National Construction Services, Inc. (National) appeals from an order of the Court of Common Pleas of Philadelphia

■ National then filed an amended complaint with the trial court to which Port Authority filed preliminary objections contending that National either had an adequate statutory remedy or lacked standing to maintain the action. As to its adequate administrative remedy, Port Authority argued that it was a Commonwealth agency governed by the Commonwealth Procurement Code (Procurement Code), 62 Pa.C.S. §§ 101–4509, and because the Procurement Code required that a written grievance must be filed with the head of purchasing within seven days after a bid was awarded, National's failure to timely pursue this remedy left the trial court without jurisdiction to hear its claim.[1] In the alternative, Port Authority asserted that even if the trial court found that Procurement Code provisions were not applicable because it was not a Commonwealth agency, the claim for money damages should still be dismissed as National was not a taxpayer, and only a taxpayer had a right to bring an action in equity to enjoin the award of a bid contract for failure to follow proper bidding procedures.[2]

■ Granting Port Authority's preliminary objections, the trial court held that National could not prevail because if Port Authority was a Commonwealth agency, National had to pursue a timely remedy under the Procurement Code, which it had timely failed to do, and because it was not a taxpayer, it had no standing to maintain an action. This appeal followed.[3]

■ On appeal, National contends that even if the Procurement Code governs or it lacks taxpayer standing, that is irrelevant as to whether it can maintain the action because the bid proposal process created a contract between it and Port Authority.[4] It argues that the solicitation for the proposals provided that the project would be awarded to the lowest responsible bidder is an offer that it accepted when it submitted its bid. Because it alleged in its complaint that it was the lowest responsible bidder, and all of its averments set forth in its complaint must be taken as

1. Specifically, Section 1711(a) of the Code, 62 Pa.C.S. § 1711(a), provides in pertinent part:

   (a) Right to protest.—An actual or prospective bidder, offeror or contractor who is aggrieved in connection with the solicitation or award of a contract may protest to the head of the purchasing agency in writing. All protests under this subsection must be made within seven days after the protestant knows or should have known of the facts giving rise to the protest.

2. In Pennsylvania, a taxpayer of the public entity funding a public contract has standing to enjoin its award to anyone other than the lowest responsible bidder because a taxpayer, having interest in public funds, may maintain an action aimed at preventing the unauthorized or unlawful expenditure of money. A bidder does not have standing to challenge an award. *American Totalisator Co., Inc. v. Seligman*, 489 Pa. 568, 414 A.2d 1037 (1980); *On–Point Technology Systems, Inc. v. Department of Revenue*, 753 A.2d 911 (Pa.Cmwlth. 2000); *Conduit and Foundation Corp. v. City of Philadelphia*, 41 Pa.Cmwlth. 641, 401 A.2d 376 (1979); *Mascaro and Sons, Inc. v. Township of Bristol*, 95 Pa.Cmwlth. 376, 505 A.2d 1071 (1986).

3. National initially filed an appeal from the trial court's order to the Superior Court of Pennsylvania, which the Superior Court subsequently transferred to us for review. National now contends that we are without jurisdiction to hear its claim because this case does not come within the classes of cases enumerated in 42 Pa.C.S. § 762. However, because Port Authority is a public body, this matter is properly within our appellate review. 42 Pa.C.S. § 762; *see also* Pa. R.A.P. 741(a).

4. Our standard of review over an order of the trial court sustaining preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. *Appeal of Gomez*, 688 A.2d 1261 (Pa.Cmwlth. 1997).

true,[5] National contends that Port Authority's failure to award it the project sets forth a claim for breach of contract.

■ What this contention ignores is that a solicitation for bid proposals is not an offer but only an invitation for parties to submit bids in response to this request. The submission of the bid is, in fact, the offer which the contracting agency is free to accept or reject. As set forth in Corbin on Contracts § 2.3 (rev. ed.1993):

> [W]hen someone advertises for bids [it] is the same as that pertaining to auctions. The advertisement is not an offer. It is a request for offers. This is so even if the common practice is to accept the best bid made. Occasionally, and especially in public bid-letting procedures, the best bidder will have a statutory right to be awarded the contract. This statutory right does not create a contract.

■ In Pennsylvania, as in most states, the "best bidder" has no right to have the contract awarded to it because the "lowest responsible bidder" provisions are not there to give the bidder any rights but to protect taxpayers as evidenced by the settled law that only taxpayers have a right to seek an action to enjoin the contract. *See* Footnote 2.

Because National has not set forth a cause of action, the trial court properly granted Port Authority's preliminary objections and dismissed the complaint. Accordingly, the order of the trial court is affirmed.

## *ORDER*

AND NOW, this 4th day of October, 2001, the order of the Court of Common Pleas of Philadelphia County, dated January 9, 2001, is affirmed.

---

**5.** In ruling on preliminary objections, a court must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced from them. *Envirotest Partners v. Department of Transportation,* 664 A.2d 208 (Pa.Cmwlth. 1995).