**PREMIER COMP SOLUTIONS, LLC, Petitioner,**

v.

**DEPARTMENT OF GENERAL SERVICES, and Department of Labor and Industry, Respondents.**

Commonwealth Court of Pennsylvania.

Argued March 11, 2008.

Decided May 28, 2008.

Andrew K. Touchstone, Philadelphia, for petitioner.

Michael C. Barrett, Sr. Counsel, Harrisburg, for respondent, Department of General Services.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION * BY Judge PELLEGRINI.

Before this Court are preliminary objections filed in our original jurisdiction by the Department of General Services (DGS) in response to a petition for review in the nature of mandamus (Petition) filed by Premier Comp Solutions, LLC (Premier) alleging that an illegal single source contract was awarded by DGS to Industrial Medical Consultants (IMC) and seeking this Court to submit the contract awarded to competitive bidding.[1]

---

\* This opinion was reassigned to the author on April 21, 2008.

1. Article 3, Section 22 of the Pennsylvania Constitution requires that the General Assembly shall maintain by law a system of competitive bidding under which all purchases of materials, printing, supplies or other personal property used by the government of this Commonwealth shall so far as practicable be made. "[T]he requirements for competitive bidding ..., do not exist solely to secure work or supplies at the lowest possible price, but also have the 'purpose of inviting competition, to guard against favoritism, improvidence, extravagance, fraud and corruption in the awarding of municipal contracts ... and are enacted ... not for the benefits or enrichment of bidders ...' *Yohe v. Lower Burrell*, 418 Pa. 23, 28, 208 A.2d 847, 850 (1965), adopting 10 McQuillan, Municipal Corporations § 29.29 (3rd ed.1950). The obvious intent of the applicable statute is thus also to 'close, as far as possible, every avenue to favoritism and fraud in its varied forms.' *Louchheim v. Philadelphia*, 218 Pa. 100, 66 A. 1121 (1907), quoting *Mazet v. City of Pittsburgh*, 137 Pa. 548, 20 A. 693 (1890)." *Conduit and Foundation Corp. v. City of Philadelphia*, 41 Pa.Cmwlth. 641, 401 A.2d 376, 379 (1979).

According to the facts as alleged in the Petition, Premier is a certified Women Business Enterprise as well as a Disadvantaged Business Enterprise and is in the business of providing workers' compensation injury management, provider panel development, appointment scheduling, discounted physical therapy and diagnostic network and medical bill review services to various insurance carriers and employers, including certain Department of Labor and Industry's State Workers' Insurance Fund (SWIF) insureds. It has the capability to provide physician-to-physician management services.

On January 31, 2007, SWIF submitted a source justification form to DGS for approval of a non-competitive procurement process. The form indicated that SWIF sought IMC's services in an effort to improve its overall workers' compensation case management.[2] Because SWIF determined IMC to be the "sole source" provider of physician-to-physician case management services under Section 515 of the Commonwealth Procurement Code, 62 Pa. C.S. § 515 (relating to sole source procurement), SWIF did not issue a request for competitive bidding proposal.

DGS approved SWIF's request and awarded a sole source contract to IMC for services totaling up to $400,000 on or about March 16, 2007, and IMC commenced performance under the agreement. In November 2007, Premier filed its Petition with this Court alleging that it lost an opportunity to bid on SWIF's contract for physician-to-physician management service and sought enforcement of the Procurement Code. It also sought an order declaring that the sole source contract signed on March 16, 2007, was an illegal contract and requested an order directing DGS and the Department of Labor and Industry to submit the contract to competitive bidding as required by law.

In response, DGS filed preliminary objections arguing, among other things, that we lacked jurisdiction because Premier had an adequate remedy at law under the Procurement Code to challenge the purported illegal sole source bid.

■ The Procurement Code has provisions authorizing competitive sealed bids, requests for proposals as well as sole source bids. Under the competitive sealed bidding procedure, there is public notice and an invitation for bids prior to the acceptance of a bid. See 62 Pa.C.S. § 512. "When the contracting officer determines in writing that the use of competitive sealed bidding is either not practicable or advantageous to the Commonwealth, a contract may be entered into by competitive sealed proposals." 62 Pa.C.S. § 513(a). Request for proposals requires the same type of public notice that is required for competitive sealed bids. 62 Pa. C.S. § 513(c). The type of contract that is to be awarded here, a "sole source" contract, requires a determination that "only a single contractor is capable of providing the supply, service or construction." 62 Pa.C.S. § 515(1). Notably, sole source contracts do not require public notice, presumably because only one party can perform the services, thus negating the need to notify anyone else.

Protest of an award of a contract is governed by 62 Pa.C.S. § 1711.1(b), which provides, in relevant part:

2. The Petition alleges that IMC is a Highmark affiliate and competitor of Premier. Upon our review of the attachments to the Petition, it appears that DGS chose IMC because its physicians interact directly with treating providers to assure appropriate utilization of healthcare resources and timely cessation of disability benefits. See the Commodity Specialist's Recommendation Form.

(a) Right to protest.—A bidder [3] or offeror [4], a prospective bidder or offeror or a prospective contractor that is aggrieved in connection with the solicitation or award of a contract, ... may protest to the head of the purchasing agency in writing.

(b) Filing of protest.—If the protestant is a bidder or offeror or a prospective contractor, the protest shall be filed with the head of the purchasing agency within seven days after the aggrieved bidder or offeror or prospective contractor knew or should have known of the facts giving **rise to the protest except that in no event may a protest be filed later than seven days after the date the contract was awarded.** If the protestant is a prospective bidder or offeror, a protest shall be filed with the head of the purchasing agency prior to the bid opening time or the proposal receipt date. If a bidder or offeror, a prospective bidder or offeror or a prospective contractor fails to file a protest or files an untimely protest, the bidder or offeror, the prospective bidder or offeror or the prospective contractor shall be deemed to have waived its right to protest the solicitation or award of the contract in any forum. Untimely filed protests shall be disregarded by the purchasing agency. (Emphasis added.)

■ Premier would fall within the very broad category of "prospective contractor" [5] that is required to challenge within seven days of the award of a contract. However, it was impossible for it to file within seven days after the date the contract was awarded because it was unaware that the award was made for at least three months.

If Premier, a prospective contractor, had a legally maintainable interest, 62 Pa.C.S. § 1711.1(b), foreclosing its right to challenge a contract within such a short period of time would implicate due process rights. *See Luke v. Cataldi* 593 Pa. 461, 932 A.2d 45 (2007). Moreover, such a remedy is not an available or adequate remedy. *See Pentlong Corp. v. GLS Capital, Inc.,* 780 A.2d 734 (Pa.Cmwlth.2001). If we were to hold otherwise, administrative agency decisions could be made virtually unchallengeable—a decision could made in secret making it impossible for any interested party to take an appeal.

■ But Premier, as a prospective contractor, does not have a legally maintainable interest that implicates due process requiring an adequate available remedy. That is so because a disappointed bidder, offeror or contractor to a public contract has no right to receive the contract as it has suffered no injury that would give it standing to seek redress. *Nunemacher v. Borough of Middletown,* 759 A.2d 57 (Pa.Cmwlth.2000). Because Premier does not have a protectable legal interest, the only method that it has to protest the award of an illegal contract is limited to its statutory right to file a protest under 62 Pa.C.S. § 1711.1(b) within seven days of the award. *Pennhurst Medical Group, P.C. v. Department of Public Welfare,* 796 A.2d 423 (Pa.Cmwlth.2002). Given that it has no interest, the only

---

**3.** A "bidder" is defined as a "person that submits a bid in response to an invitation for bids." 62 Pa.C.S. § 103. A prospective bidder has not yet submitted a bid in response to an invitation to bid.

**4.** An "offeror" is defined as a "person that submits a proposal in response to a request for proposals." 62 Pa.C.S. § 103. A prospective offeror has not yet submitted a proposal in response to a request for a proposal.

**5.** A "contractor" is defined as a "person that entered into a contract with a Commonwealth agency." 62 Pa.C.S. § 103. A prospective contractor has not yet entered into a contract with a Commonwealth agency.

remedy it has is under the Procurement Code.[6]

In this case, because it avers in its Petition that it had the capability to provide the same services as IMC to whom the contract was awarded and it lost out on the opportunity to bid upon the SWIF contract, Premier falls under the definition of a prospective contractor giving it an adequate remedy at law by filing a protest under 62 Pa.C.S. § 1711.1(b). Accordingly, DGS' preliminary objections are granted and Premier's Petition is dismissed.

Judge SIMPSON concurs in the result only.

***ORDER***

AND NOW, this *28th* day of *May,* 2008, the preliminary objections filed by the Department of General Services and Department of Labor and Industry are granted, and the Petition filed by Premier Comp Solutions, LLC, is dismissed.

---

6. That does not mean that the award is unchallengeable. Taxpayers of a public entity funding a public contract have standing to challenge the improper award of a contract "because a taxpayer, having interest in public funds, may maintain an action aimed at preventing the unauthorized or unlawful expenditure of money." *National Construction Services, Inc. v. Philadelphia Regional Port Authority,* 789 A.2d 306, 308, n. 2 (Pa. Cmwlth.2001).